UNITED STATES of America,
Appellant,

v.

Harold S. HALL.

No. 74–1527.

United States Court of Appeals,
Third Circuit.

Argued Sept. 9, 1974.

Decided Nov. 14, 1974.

Richard L. Thornburgh, U. S. Atty., James V. Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for appellant.

William C. Bartley, Pittsburgh, Pa., for appellee.

Before ALDISERT, ADAMS and RO-SENN, Circuit Judges.

ALDISERT, Circuit Judge.

This appeal requires us to decide whether a government agent's failure to promptly make a search warrant return, in violation of Rule 41(d), F.R.Cr.P.,[1]

---

1. (d) *Execution and Return with Inventory.* The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall ·leave the copy and receipt at the place from which the property was taken. The

necessitates suppression of the seized items and their fruits. The district court conducted a two-part suppression hearing and held that the Rule 41(d) violation infected the otherwise valid search, rendering the seized items and their fruits inadmissible in evidence. The government appealed pursuant to 18 U.S.C. § 3731. We vacate the judgment of the district court.

Appellee is under indictment for possession of an illegal still in violation of 26 U.S.C. § 5601(a)(1) and for possession of non tax-paid distilled spirits in violation of 26 U.S.C. § 5604(a)(1). On July 20, 1973, Special Agent O'Connell of the Bureau of Alcohol, Tobacco and Firearms sought and received a warrant to search appellee's premises, situated near Connellsville, Pennsylvania, for illicit distilling equipment, mash and distilled spirits. Several agents accompanied O'Connell during the July 23, 1973, execution of the warrant, seizing, among other things, a "copper pot type still" and "illicit distilled spirits." Agents also took photographs of the site during their search and allegedly witnessed incriminating statements by the appellee. Chemical analysis of the seized liquid was later made.

Upon completion of the search, the original return and a copy were filled

out. O'Connell signed the copy, swearing to the accuracy of the inventory, and handed it to appellee.[2] It is undisputed that the copy of the return received by appellee was complete.[3] However, the original return has never been signed by any agent; nor has it been returned before the issuing magistrate.[4] Indeed, it was not filed in the office of the Clerk of the District Court until January 17, 1974. Although the district court made no finding as to the reason for this failure to adhere to the proper return procedures, it did receive testimony, which, if credited, explained the reason for this irregularity. Agent Wallington, a participant in the search, testified that O'Connell gave him the unsigned original to take to Pittsburgh, and that he, Wallington, delivered the return, along with others, to the magistrate's office on or before July 27, 1973. Because the magistrate was not in his office at the time Wallington arrived, and because Wallington was needed at Uniontown, Pennsylvania, he left the original return with the magistrate's secretary.

Appellant does not dispute the district court's conclusion that Rule 41(d) was violated in this case. Instead, it mounts an attack on the district court's imposition of the suppression remedy. Specifically, it argues that a Rule 41(d) viola-

return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and shall be verified by the officer. The federal magistrate shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant.

2. Both the original return and the copy handed to appellee list the following property taken pursuant to the warrant:
    1—80 gallon copper pot type still
    1—½ pint sample of mash

2—1 gallon glass jugs, each containing 1 gallon of illicit distilled spirits each
1—1 gallon glass jug containing ½ gallon of illicit distilled spirits
2—3 gallon buckets, empty
1—15 gallon garbage can, empty
3—1 gallon plastic jugs, empty
1—2½ gallon demijohn, empty
1—plastic funnel

3. Mr. Villanova: * * * I take it, Mr. Bartley, one of the things you do not dispute is that Mr. Hall got a copy of the return, and the return was complete.
    Mr. Bartley: No, I don't believe we have ever raised that or disputed that fact.
    Appendix at 143a.

4. Although the original return lacked the agent's and magistrate's signatures, it contained a complete list of the items seized, set forth the date and time of the search and listed the persons in whose presence the inventory was made.

tion is not a deprivation of appellee's Fourth Amendment rights and that the Federal Rules of Criminal Procedure do not mandate suppression if appellee receives a complete copy of the return and has failed to demonstrate prejudice from the violation.

Appellee does not seriously dispute appellant's Fourth Amendment contention. He concedes that certain failures in the return procedure do not warrant this draconian sanction; but contends that where, as here, there is an utter failure to make the return before the magistrate, both the Federal Rules of Criminal Procedure and the due process clause of the Fifth Amendment require suppression. Otherwise, argues appellee, a serious potential for abuse exists, presaging a breakdown of the rules and the protections they afford.

Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), squarely addressed appellant's Fourth Amendment contention. There, the Wisconsin police had failed to recite on the search warrant return that a sock and a floor mat had been seized pursuant to a search warrant. At a subsequent hearing the sheriff who had executed the warrant did not state that these two items had been seized. The Court rejected the argument that the defective return rendered the underlying search invalid under the Fourth Amendment:

> The seizures of the sock and the floor mat occurred while a valid warrant was outstanding, and thus could not be considered unconstitutional . . . . As these items were constitutionally seized, we do not deem it constitutionally significant that they were not listed in the return of the warrant.

413 U.S. at 449, 93 S.Ct. at 2532.

■ Here, the district court specifically found that there was probable cause to search appellee's premises.[5] At the time of this seizure, appellee's rights under the Fourth Amendment were not being infringed. The irregularity occurred only after a valid search and seizure. We hold that, under the facts of this case, such irregularity is not "constitutionally significant" under the Fourth Amendment.[6] Therefore, the ramification of this procedural violation is a matter of federal law governed, in this case, by the Federal Rules of Criminal Procedure.

■ The procedural requirements of Rule 41(d) are essentially ministerial in nature. United States v. Harrington, 504 F.2d 130 (7th Cir., 1974); United States v. Kennedy, 457 F.2d 63, 67 (10th Cir.), cert. denied, 409 U.S. 864, 93 S.Ct. 157, 34 L.Ed.2d 112 (1972); United States v. Wilson, 451 F.2d 209, 214 (5th Cir. 1971), cert. denied, 405 U.S. 1032, 92 S.Ct. 1298, 31 L.Ed.2d 490 (1972); United States v. McKenzie, 446 F.2d 949, 954 (6th Cir. 1971). The rule commands the officer to perform specific acts—to leave a copy of the warrant, to issue a receipt for property taken, to make a return and to prepare a written inventory in the presence of certain persons. While the rule outlines detailed procedures, it does not expressly address the remedies, if any, which flow from a failure to adhere to those procedures. Therefore, we turn to Rule 2, F.R.Cr.P. as our interpretive polestar. Rule 2 expresses values sought to be achieved by the Federal Rules of Criminal Procedure. We are commanded to give the rules a construction which secures "simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." The manifest intent of the rules is to ensure a just determination of every criminal proceeding.

---

5. Appellee filed no cross appeal from this portion of the court's oral order.

6. We likewise reject appellee's Fifth Amendment due process argument. Assuming that the due process clause of the Fifth Amendment is applicable to Rule 41(d) violations and that the suppression remedy is applicable to such a deprivation, the undisputed facts of this case do not rise to such a deprivation.

Applying these precepts to the issue before us, we do not believe that it was intended that every violation of the procedures in the rule, however insignificant and however lacking in consequences, should give rise to the remedy of suppression. If such had been the intent, we think the rules would have specifically so provided. At the same time, we do not believe that Congress would enact Rule 41(d), expressly requiring certain actions on the part of the government, and not also intend some remedy to flow from certain violations of that rule. Therefore, we conclude, along with the Sixth [7] and Tenth [8] Circuits, that a motion to suppress, Rule 41(f), F.R.Cr.P.,[9] should be granted by the district court only when the defendant demonstrates prejudice from the Rule 41(d) violation. We believe that this interpretation furthers the governing intent of the rules—a just determination of every criminal proceeding—and that the wholesale opportunity for abuse appellee fears simply will not materialize. The suppression remedy remains viable where a sufficient showing of prejudice is made, that is, prejudice in the sense that it offends concepts of fundamental fairness or due process.

Here it is undisputed that appellee timely received a copy of the return and that it accurately listed each item seized by the agents. Because appellee has failed to demonstrate that he was prejudiced by the Rule 41(d) violation in this case, we hold that it was error for the district court to suppress the seized items and their fruits.[10]

The judgment of the district court will be vacated, and the proceedings will be remanded in accordance with the foregoing.

7. United States v. McKenzie, *supra*, 446 F.2d at 954.

8. United States v. Kennedy, *supra*, 457 F.2d at 67.

9. *(f) Motion to Suppress.* A motion to suppress evidence may be made in the court of the district of trial as provided in Rule 12.

10. Because we agree with appellant's Rule 41(d) contention, we need not decide if appellee has standing to move for suppression of evidence. *Cf.,* Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973).