959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Clarence BRITT, Defendant-Appellant.
 No. 91-5024.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1992
Decided: April 7, 1992
 
 ARGUED: William P. Robinson, Jr., ROBINSON, ZALESKI, WOOLARD & LINDSEY, Norfolk, Virginia, for Appellant.
 Jonathon Scott Shapiro, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 ON BRIEF: Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 Before WIDENER and HALL, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Clarence Britt appeals his conviction for attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. He seeks suppression of the evidence obtained pursuant to a warrant to search his home because of the absence of probable cause and because the warrant was allegedly issued in violation of Fed. R. Crim. P. 41(a). Additionally, he claims that the probative value of the evidence seized was substantially outweighed by the danger of unfair prejudice. Finally, he challenges the sufficiency of the evidence used to convict him.
 
 
 2
 Appellant argues that there was no probable cause to search his home because there was no reason to believe that records of drug transactions would be kept at his home. The law requires a nexus to exist between the evidence sought and the place to be searched, but this nexus may be established by reasonable inferences about where one would likely keep such evidence. United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988). The officers and issuing magistrate reasonably concluded that records of Britt's drug transactions would be kept in his home and that probable cause for the issuance of the warrant existed. In addition, because the officers relied on the warrant's validity in good faith, suppression is unwarranted. See United States v. Leon, 468 U.S. 897 (1984).
 
 
 3
 Britt also claims that the extensive involvement of federal officers in this joint state and federal task force which conducted the investigation and arrest transformed the search into a federal search requiring compliance with Fed. R. Crim. P. 41(a) which mandates that federal search warrants be issued by federal magistrates or judges of state courts of record. In this case, a Virginia magistrate, concededly not a judge of a court of record, issued the warrant. Even if the degree of federal involvement, which has not been shown, might denominate this a federal search requiring compliance with Fed. R. Crim. P. 41(a), nevertheless, a technical breach of Rule 41, without more, does not mandate suppression of evidence. In the absence of a constitutional violation, suppression is not automatic. Here no bad faith police conduct arose in connection with the issuance of the warrant, and no prejudice to the defendant has occurred in the sense that the search would not have ensued but for the procedural mishap. We find no justification for the suppression of evidence. See, e.g., United States v. Searp, 586 F.2d 1117 (6th Cir. 1978); United States v. Burke, 517 F.2d 377 (2d Cir. 1975); United States v. Hall, 505 F.2d 961 (3d Cir. 1974). Appellant has not shown that the search violated fourth amendment principles; we have already held that probable cause existed to search appellant's home, and no other constitutional challenges have been made. For these reasons, the exclusion of evidence would be inappropriate.
 
 
 4
 Appellant cites as clearly erroneous the court's decision that the probative value of the evidence seized was not substantially outweighed by the danger of unfair prejudice. Appellant's intent to consummate this large drug deal was relevant to the crime of attempt; the enormous quantities of cash and marijuana, as well as the seven firearms found in Britt's home, were relevant to appellant's intent. The action of the district judge in admitting the evidence seized in the search was not clearly erroneous.
 
 
 5
 Finally, appellant challenges the sufficiency of the evidence to support his conviction. This court must view the evidence in the light most favorable to the government. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The government was required to show that Britt intended to complete the transaction and had already taken a substantial step toward its completion. See United States v. Pelton, 835 F.2d 1067, 1074 (4th Cir. 1987), cert. denied, 486 U.S. 1010 (1988). A government informant testified to several prior drug transactions with appellant. Appellant met with DEA agent Grimes and with the informant and agreed to purchase eleven kilograms of cocaine; testimony and taped conversations highlighted the details of the deal. At the time of his arrest, appellant possessed over $200,000.00 in cash. The fruits of the search of appellant's home provided evidence of appellant's intent to complete the drug transaction. There was ample evidence upon which to base the conviction.
 
 
 6
 The judgment of the district court is accordingly
 
 
 7
 AFFIRMED.