## Commonwealth v. Cason

*Paul J. Susko,* for Commonwealth.
*Gregory L. Heidt,* for defendant.

DWYER, *P.J.,* November 18, 1981—On May 15, 1981, a jury returned a guilty verdict against defendant on a charge of receiving stolen property.

On May 21, 1981, a rule to show cause was granted on defendant's motion for a new trial and/or arrest of judgment.

The pertinent facts are as follows: On December 21, 1980, the victim returned to his home at 11:00 p.m. to find that his home had been robbed. He called the police, who arrived about five minutes later. The police found footprints in the snow leading from the victim's home to defendant's home. A surveillance was set up at defendant's house while police went to secure a search warrant.

The affidavit used to obtain the warrant reads as follows: "Probable cause: footprints leading from scene of burglary at 124 East 24th Street. Footprints have very distinct pattern, pattern (ribbed) prints left scene leading up to the door (front) at 126 East 24th. These footprints are believed to be the same as the ones that were found at the west entrance where the allegal (? spelling) entry was gained."

Obviously no mention is made in affidavit as to the time the burglary was discovered, the time the footprints were found or the surveillance of defendant's home going at that time.

After receiving the warrant the police returned to defendant's home and executed the warrant at about 1:00 a.m. They found a number of items that the victim had reported missing. Defendant was arrested and taken into custody and charged with receiving stolen property.

Defendant contends that the search warrant does not comply with Pa.R.Crim.P. 2003(c) and, therefore, the items seized should have been suppressed.

Rule 2033(c) requires that the affiant requesting a search warrant that is to be executed at night to enunciate a reasonable cause for a nighttime search, since such searches are a greater invasion of a citizen's right to privacy.

This is correct and the affidavit in the search warrant does not state nor even remotely imply any reasonable grounds for a nighttime search.

Since the execution of this warrant was in violation of Rule 2003(c), does it necessarily follow that the fruits of such search must be suppressed? We hold that in instant case it does not.

If a rule is adopted based on constitutional rights, suppression is required. But if a rule ia adopted for

ministerial purposes, suppression is not a proper remedy. See Com. v. Musi, 486 Pa. 102, 404 A. 2d 378 (979). Prejudice to the defendant must be shown. See Com. v. Swint, 256 Pa. Superior Ct. 169, 389 A. 2d 654 (1978). Also see Com. v. Chinea, 246 Superior Ct. 494, 371 A. 2d 944 (1977).

The Pennsylvania appellate courts have never ruled on whether a violation of Rule 2003(c) is a violation of a defendant's constitutional rights. In Gooding v. United States, 416 U. S. 430, 94 S. Ct. 1780 (1974) there is an implication that the United States Constitution does not require a showing of reasonable cause for a nighttime search.

If the nighttime search requirements are not of constitutional dimensions—and we refuse to hold that they are—then only our Supreme Court can order exclusion.

Therefore, the trial court in instant case did not err when it refused to suppress the evidence seized pursuant to the search warrant.

Defendant also alleged that the trial court should have suppressed his oral and written statements because they were the fruits of an illegal search. Since the search was not unconstitutional, there is no error here.

Defendant also claims the court erred in allowing into the evidence a discoverable oral inculpatory statement which the district attorney had not released to defendant.

At the trial, a police officer testified that defendant had admitted that a certain pair of shoes belonged to him. This was important since the soles of the shoes in question matched the footprints in the snow. The Commonwealth did not know about the statement of ownership of the shoes until the officer so testified; consequently, he could not have informed defendant of it in advance of trial.

Even if this were error, it was harmless error. The shoes were admitted into evidence and the officer testified that when defendant was asked to produce his shoes at the time of the search, he produced the shoes in question.

Defendant alleges additional error because the court allowed the Commonwealth to reopen its case and introduce evidence as to the value of the items found in defendant's possession. The court has wide discretion in such a matter and, therefore, no error exists.

The remaining alleged errors set forth by defendant are not considered, since no specific reasons were presented to the court as to such alleged errors.

In view of the above, the following order is made.

## ORDER

And now November 8, 1981, it is ordered, adjudged and decreed that the rule to show cause granted on May 21, 1981, on defendant's motion for a new trial and/or arrest of judgment is discharged and said motion is discharged and refused.