371 A.2d 944
**COMMONWEALTH of Pennsylvania,**
**Appellant,**
v.
**Juan CHINEA.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided March 31, 1977.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellant.

Emmanuel H. Dimitriou, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

This is an appeal by the Commonwealth from the lower court's order suppressing the fruits of a search conducted pursuant to an allegedly defective warrant.[1] Because we agree with the Commonwealth that the defect was insubstantial, we reverse and remand for further proceedings.

On November 18, 1975, Officer Terry K. Wagner of the Reading Police Department, Vice Control Division, applied to District Magistrate Patsy Spadafora for a search warrant authorizing the search of appellee and of Chinea's Grocery Store, 609 Bingaman Street, Reading, Berks County. The warrant application contained ample information upon which the magistrate could base a finding of probable cause to believe that appellee was conducting gambling operations at this location. The

1. If the suppression order by the lower court is permitted to stand, the prosecution will undoubtedly be substantially handicapped. Therefore, the order of the lower court is appealable. See *Commonwealth v. Bosurgi*, 411 Pa. 56, 63, 190 A.2d 304 (1963).

search warrant application and warrant were completed on standard form "JP Crim Form 74–R2006" supplied by the Office of the Court Administrator of the Commonwealth of Pennsylvania. The warrant application was dated November 18, 1975; the affidavit was sworn to and subscribed on November 18, 1975. The magistrate directed that the search warrant be executed as soon as practicable but in no event later than 5:00 p. m. on November 20, 1975. The magistrate inadvertently entered the following time of issuance: "Issued under my hand this 18th day of 1975, 1975, at 5:00 p. m. o'clock."

On March 1, 1976, appellee filed an application to suppress the evidence seized during the November 18, 1975 police raid. After a hearing on March 4, 1976, the lower court suppressed the evidence because the date of issuance was missing in violation of Rule 2005, Pa.R.Crim. P., 19 P.S. Appendix.

Rule 2005, Pa.R.Crim.P., provides in relevant part: "Each search warrant shall: (a) Specify the date and time of issuance; . . ." This Court, however, has distinguished warrants which contain minor typographical errors from those which contain errors or omissions affecting the constitutional protections of the Fourth Amendment: "Rule 2003, Pa.R.Crim.P., provides that no evidence outside the affidavit may be considered by the issuing authority or by the suppression judge. The so-called four-corners rule established by Rule 2003 precludes salvaging an otherwise defective warrant by extrinsic evidence. *Commonwealth v. Milliken*, 450 Pa. 310, 300 A.2d 78 (1973) ; Rule 2003, Pa.R.Crim.P. It is also true that searches conducted pursuant to warrants are to be favored over warrantless searches and thus '. . . must be tested with a commonsense, nontechnical, ungrudging, and positive attitude, . . .' *Commonwealth v. Conner*, 452 Pa. 333, 340, 305 A.2d 341, 345 (1973). See also *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Common-*

*wealth v. Simmons,* 450 Pa. 624, 301 A.2d 819 (1973)." *Commonwealth v. Wilds,* 240 Pa.Super. 278, 285–286, 362 A.2d 273, 277 (1976). Compare *Commonwealth v. Williams,* 237 Pa.Super. 324, 352 A.2d 67 (1975) and *Commonwealth v. McAfee,* 230 Pa.Super. 336, 326 A.2d 522 (1975) with *Commonwealth v. Scavincky,* 240 Pa.Super. 550, 359 A.2d 449(1976). Thus, if a warrant contains sufficient information to permit the suppression court to conclude that the rights of the accused were not violated, a minor typographical error will not be grounds to void the warrant.

■ In the instant case, we are able to determine that the officers applied for the warrant on November 18, 1975, and executed it the same day. The warrant affidavit was sworn to and subscribed on November 18, 1975. The time limit for execution set by the magistrate was November 20, 1975, at 5:00 p. m., precisely the two-day time limit prescribed by Rule 2005(d), Pa.R.Crim.P., if one assumes that the warrant was issued on November 18, 1975, at 5:00 p. m. Thus, we reach the inescapable conclusion that when the Magistrate entered "the 18th day of 1975, [sic] 1975", she clearly meant to enter November 18, 1975, as the date of issuance. Because the omission of the month from the date of issuance of the warrant does not deprive either the suppression court or this Court of the requisite information to determine that the warrant was properly issued and executed, we hold that it was error for the lower court to suppress the evidence seized in the November 18, 1975 gambling raid.

Order reversed; case remanded for further proceedings.