458 A.2d 226

**COMMONWEALTH of Pennsylvania**

v.

**Thomas J. SCHILLING, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 16, 1981.

Filed March 18, 1983.

44

46

Ronald R. Pellish, Pottsville, for appellant.

Richard B. Russell, District Attorney, Pottsville, for Commonwealth, appellee.

Before CAVANAUGH, DiSALLE * and WATKINS, JJ.

WATKINS, Judge:

Appellant, Thomas J. Schilling was convicted by a jury of three violations of the Controlled Substance, Drug, Device and Cosmetic Act.[1] At Information No. 179 of 1979 on the charge of Delivery of a Controlled Substance, he was sentenced to pay the costs of prosecution, to undergo partial confinement in Schuykill County Prison for not less than three nor more than twelve months, and to pay a fine of $2,000.00.[2] Sentence on Information No. 278, which included charges of Possession and Possession with Intent to Deliver, was suspended. Appellant now appeals his judgments of sentence on multiple grounds. We affirm.

Appellant argued for suppression of approximately 90 grams of marijuana which were seized by state troopers from appellant's car pursuant to a search warrant on April 11, 1979. His Suppression Motion was denied. Trooper Peter Zuber received information on April 10, 1979, from two fifteen year olds that on the day before, they had

---

* DiSalle, J. did not participate in the consideration or decision of this case.

1. 35 P.S. 780–101 et seq.

2. The court reduced this amount to $500.00 following a Motion to Modify Sentence.

purchased a quantity of marijuana from appellant Thomas J. Schilling, also known as "Squeaky".[3] Armed with the information, the trooper presented an application for a Search Warrant for appellant's car to the District Justice. The probable cause section reads:

> That on 10 Apr 79 Todd M. SLAKOPER, of 266 W. Phillips St. Coaldale, Pa. informed the affiant that he was with Timothy S. KEER, on 9 Apr 79 in the above mentioned vehicle in Coaldale Boro., and did see Thomas "Squeaky" SCHILLING take marijuana from the glove compartment of this vehicle and did sell same to Timothy for $35.00. That on 10 Apr 79, Timothy S. KEER, 41 High St., Coaldale, Pa. did inform the affiant that he got into the vehicle mentioned above on 9 Apr 79 in Coaldale, Pa. sometime about 8:00 P.M. and did in fact see SCHILLING take from the glove compartment some marijuana which he sold to him for $35.00 and that he seen him put some more marijuana back into this glove compartment. And that the affiant believes this information from both persons to be reliable, true and honest and correct. And that the affiant (sic) that there is still some more marijuana and drugs in this vehicle.

The District Justice noted in granting the application that the warrant should be served no later than 10:00 P.M. on April 11, 1979. The date of application is specified as April 11, 1979. However, the District Justice neglected to enter the date and time of issuance of the warrant.

Appellant argues that the evidence should have been suppressed because the omission of the date and time of issuance rendered it illegally drawn, because the affidavit lacked sufficient underlying circumstances to amount to probable cause for a search, and because the information in the warrant was stale.

**3.** The trooper was called by the sister of one of the juveniles who upon discovering that money was missing from their grandmother's purse, elicited from her brother that he had taken the money to buy marijuana.

 Pa.R.Crim.P. 2005 requires that a search warrant specify date and time of issuance. The omission of the date and time of issuance of the search warrant will be considered fatal only if it deprives this Court or the suppression court of the ability to review the propriety of the issuance and execution of the warrant. *Commonwealth v. Chinea*, 246 Pa. Superior Ct. 494, 371 A.2d 944 (1977); *Commonwealth v. Swint,* 256 Pa. Superior Ct. 169, 389 A.2d 654 (1978); *Commonwealth v. Hamlin*, 302 Pa. Superior Ct. 86, 448 A.2d 538 (1982). Pa.R.Crim.P. 2005 has not been interpreted in such a hypertechnical manner so as to equate all errors to be violative of one's Fourth Amendment rights. In this case, because both the date of application and the limiting date of execution of the warrant were April 11, 1979, we conclude without looking beyond the four corners of the warrant, that the date of issuance also was April 11, 1979. This conclusion is inescapable in light of the clear principle that "searches conducted pursuant to warrants are to be favored over warrantless searches and thus '... must be tested with a commonsense, nontechnical, ungrudging and positive attitude....' " *Commonwealth v. Conner*, 452 Pa. 333, 340, 305 A.2d 341, 345 (1973); *Commonwealth v. Wilds*, 240 Pa. Superior Ct. 278, 286, 362 A.2d 273, 277 (1976) in *Commonwealth v. Hamlin, supra,* 302 Pa. Superior Ct. at 93, 448 A.2d at 542.

 Appellant contends that probable cause to believe that the marijuana would be found in his car was lacking because the issuing authority was not provided with reasons why the marijuana was still in appellant's car, nor with reasons supporting the credibility of the reporting witnesses.

We find these contentions to be utterly without merit. The affidavit clearly explains that the affiant received information on April 10, about a drug sale on April 9 which occurred in appellant's car with appellant as the seller and that the marijuana was taken from the glove box. The two informants were named, and one stated that appellant placed more marijuana back into the glove box.

■ Applying the standards of *Aguilar/Spinelli*[4] to this case, the underlying circumstances supporting how the informants knew about the marijuana are apparent; further, the informants are named eyewitnesses, one of whom actually purchased marijuana. Because the informants were not paid, unknown tipsters, but actual identified eyewitnesses to the transaction, their trustworthiness is presumed. *Commonwealth v. Frazier,* 269 Pa. Superior Ct. 527, 410 A.2d 826 (1979). Additionally, the fact that Timothy Keer admitted buying the marijuana from appellant weighs in favor of his trustworthiness, since it is a declaration against his own interest. *Commonwealth v. Ambers,* 225 Pa. Superior Ct. 381, 310 A.2d 347 (1973).

■ Finally, we find that a search warrant executed approximately thirty-six hours after the transaction during which the marijuana was placed in the glove box of the car is not so remote as to render the information on which it is based stale. *Commonwealth v. Terra,* 292 Pa. Superior Ct. 250, 437 A.2d 29 (1981); *Commonwealth v. Toner,* 289 Pa. Superior Ct. 200, 433 A.2d 25 (1981). Accordingly, we agree with the suppression court's findings.

Appellant attacks the sufficiency of the evidence for his convictions of Possession with Intent to Deliver and for Delivery.[5] Appellant specifically refers to the equivocal nature of the testimony of the two young witnesses who also provided the probable cause for the search warrant. While we note that they were unwilling or unable to state at trial that appellant, and not the unknown passenger in the front seat, took the money and passed back the marijuana, what they did testify to and the reasonable inferences

**4.** *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. U.S.,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

**5.** When reviewing sufficiency claims, we must view the evidence in a light most favorable to the verdict winner, and accept as true the evidence and the inferences deducible therefrom, which if believed, could have supported the jury's verdict. See *Commonwealth v. Roberson,* 485 Pa. 586, 403 A.2d 544 (1979); *Commonwealth v. Horton,* 485 Pa. 115, 401 A.2d 320 (1979).

therefrom do support appellant's conviction of delivery to them.

■ Testimony established that appellant was driving his car down the street in Coaldale when the two young men began to chase it to gain appellant's attention. When they caught up to appellant, his passenger had gone into a store and appellant was waiting for him in appellant's car. Keer knocked on appellant's window and asked if he had any pot for sale. They were invited into the car by appellant. With the two juveniles in the back seat and the now-returned passenger in the front, appellant drove to an isolated location. Neither witness would say that they actually saw appellant hand Keer the pot, however, both said that any conversation regarding cost of the sought-for material was carried on by appellant. In addition, there was no testimony at trial that any conversation occurred between appellant and his passenger indicative of why the young men were in the car when the passenger came out of the store. They also testified that the marijuana came from an area near the glove compartment. The testimony was uncontroverted that the car was registered to appellant. Therefore, the evidence was sufficient to convict appellant of Delivery of a Controlled Substance.

Regarding appellant's sufficiency argument on his conviction for possession with intent to deliver, evidence of a recent sale of marijuana from the same car from which the 90 grams were seized was presented to the jury. We believe that this circumstance presented the jury with sufficient evidence from which it could reasonably infer that the 90 grams which appellant admitted were his, were indeed possessed by him with an intent to distribute, and not merely for his own personal use.[6] In *Commonwealth v. Golden*, 277 Pa. Superior Ct. 180, 419 A.2d 721 (1980), this court, although reversing appellant's conviction for failure

---

6. Appellant took the stand in his own behalf and denied selling the marijuana to Keer. He admitted that he purchased the marijuana just prior to its seizure and after the alleged sale to the juveniles, and asserted that the substance was for his own consumption alone.

of police to "knock and announce," found the evidence was sufficient to convict appellant of possession with intent to deliver marijuana. Thirty-four tie sticks of marijuana valued at $680 were found in appellant's apartment; but the Court found sufficient evidence in the fact that earlier the same evening as the search, appellant had sold two tie sticks of marijuana. So also in this case.

■ Appellant next argues that he was prejudiced by the consolidation of the two informations for trial. Appellant's Motion for Severance was denied after a hearing. Only if the court abused its discretion by this denial resulting in prejudice to appellant, will we reverse its decision. *Commonwealth v. Moore*, 463 Pa. 317, 344 A.2d 850 (1975).

■ Because we feel the lower court decided correctly to let the informations be tried together, we affirm its decision.[7] The court, in tracking the analysis of *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973), found that the offenses all arose from the same set of facts and circumstances, and that the two incidents—the actual sale to the juveniles and the subsequent seizure—were not complicated. Basically, this analysis is contained in *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981) in which the Supreme Court found that if evidence from the separate cases would be admissible in each trial and if the facts are separable by a fact-finder, then consolidation of them is proper. In this case, the same evidence would be admissible in each trial. In a trial on the delivery charge, evidence of the subsequent search and seizure would be admissible to prove identity of appellant and his possession of the marijuana and ownership of the car. It would also serve to corroborate the two juveniles' testimony. In a trial for possession and possession with intent to deliver, evidence of the prior delivery would be necessary to provide the proba-

7. The lower court premised its decision on its finding that the instant situation was analogous to the joinder of offenses in one indictment which is governed by Pa.R.Crim.P. 219(b). We note that Pa.R.Crim.P. 1127, which was specifically created to guide courts in this situation, was made effective only on July 1, 1982, well after this case went to trial.

ble cause for the search and to show the element of intent for possession with intent to deliver.[8] The facts of each were separable by a jury so that they would be prevented from cumulating the evidence erroneously. Therefore, the motion for severance was properly denied.

■ Appellant next argues that reversible error was committed because the Commonwealth was permitted to cross-examine him concerning his statements to police and his alibi defense. Our review of the record convinces us that appellant suffered no implication of his Fifth Amendment rights at trial with regard to inquiries by the prosecutor into appellant's alibi witnesses. On each occasion except one, appellant's attorney objected to inquiries of his alibi witnesses and whether they testified at the preliminary hearing. Appellant's objections were all sustained, except for an inquiry of one Francis McHugh regarding whether he appeared at the preliminary hearing. However, after a request by appellant's attorney, the court gave the jury a cautionary instruction about the purpose of a preliminary hearing. We feel this cured any misconception which the Commonwealth's attorney may have caused by his cross-examination. *Commonwealth v. Zellner*, 268 Pa. Superior Ct. 59, 407 A.2d 436 (1979).

■ However, the assistant district attorney did ask appellant if he told the police about his alibi witness on the day he was arrested to which appellant answered, "No." [9] Counsel for appellant made no objection to the question and cannot raise an issue now on appeal, absent preservation of it at trial. *Commonwealth v. Berrios*, 495 Pa. 444, 434 A.2d 1173 (1981).

Finally, because we have found that the evidence was sufficient to convict appellant of Delivery of a Controlled Substance, we need only comment that appellant's argu-

**8.** Intent may be proved by "other crimes". *Peterson, supra.*

**9.** Notes of Testimony, at p. 191.

ment that his conviction as the "deliverer" was mere conjecture, is not supported by the evidence.

Accordingly, we affirm.