469 A.2d 137

COMMONWEALTH of Pennsylvania, Appellee,

v.

Roy L. HAMLIN, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 13, 1983.

Decided Dec. 28, 1983.

Reargument Denied Feb. 28, 1984.

212

Robert L. Simmons, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Melinda G. Tell, Asst. Dist. Atty., Pittsburgh, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

McDERMOTT, Justice.

This is an appeal from the order of the Superior Court, reversing an order of the Court of Common Pleas of Allegheny County suppressing evidence obtained in a search of appellant's residence.[1] After examination of appellant's claim we affirm.

The facts are as follows. On the morning of September 5, 1980, Lieutenant Charles E. Coughlin of the McKeesport Police Department prepared an application for a search warrant for the premises of appellant, Roy L. Hamlin. The probable cause relied upon in securing the warrant was

---

1. The Superior Court decision is reported at *Commonwealth v. Hamlin,* 302 Pa.Super. 86, 448 A.2d 538 (1982).

testimony from neighbors that ten (10) to twenty (20) persons visited the residence on a daily basis and only stayed for a short period of time. Later that same day at approximately 1:30 p.m. the application was taken to the district magistrate. The warrant was then approved and the date of issuance was recorded as September 6, at 8:00 a.m. This date and time started the forty-eight (48) hour period during which the search warrant had to be executed. *See* Pa.R. Crim.Pro. 2005.[2] The search was scheduled to take place at 7:00 a.m. on September 6. The police arrived at appellant's residence at 7:45 a.m. on that same date. Lieutenant Coughlin knocked on the exterior door of the complex in which appellant lived. Receiving no response Lieutenant Coughlin proceeded into the main building and knocked on appellant's door. After continued knocking and unanswered requests to have appellant open the door, Lieutenant Coughlin used a key supplied by the landlord to gain access. Appellant and a Ms. Dreher (co-defendant) were in the room. Lieutenant Coughlin identified himself and provided appellant with a copy of the warrant. A search of the premises resulted in the seizure of a quantity of controlled substances and drug paraphernalia. The occupants were arrested. Appellant and co-defendant filed joint omnibus pre-trial motions to suppress the seized evidence.

On March 25, 1981, the Commonwealth proceeded to a suppression hearing on the co-defendant's motion. After receiving testimony from both Lieutenant Coughlin and

**2.** Pa.R.Crim.Pro. 2005
 Each search warrant shall:
 (a) specify the date and time of issuance;
 (b) identify the property to be seized;
 (c) name or describe with particularity the person or place to be searched;
 (d) direct that the search be executed within a specified period of time, not to exceed two (2) days from the time of issuance;
 (e) direct that the warrant be served in the daytime unless otherwise authorized, provided that, for purposes of the Rule of Chapter 2000, the term "daytime" shall be used to mean the hours of 6 a.m. to 10 p.m.;
 (f) designate by title the judicial officer to whom the warrant shall be returned.

Howard Lindberg, the issuing magistrate, the suppression court granted the motion to suppress. Judge Louik, the suppression court judge, stated at the hearing that he was not finding that the error was done purposely, but nevertheless, given the improper execution of the warrant, he was going to grant defendant's suppression motion (S.T. 39–42). The Commonwealth appealed. On appeal the Superior Court, in a two to one decision, rejected the findings of the lower court and reversed, holding that the misdating was a mistake which did not prejudice appellant. Appellant herein petitioned this Court for appeal and we granted allocatur.

In this appeal the following issues are raised: whether the Superior Court lacked jurisdiction to entertain the appeal, since it did not raise a pure question of law; whether the Superior Court impermissibly substituted its own findings of fact for that of the suppression court; and, whether the Commonwealth's failure to appeal the suppression court's finding of insufficient probable cause in appellant's co-defendant's case precluded the Commonwealth from challenging the suppression court decision in the instant case.

 Appellant erroneously contends that the Superior Court should have been precluded from exercising jurisdiction over the Commonwealth appeal. It is well settled that when a motion to suppress is granted, and when the appellant asserts in good faith that it substantially handicaps or effectively terminates the prosecution for lack of evidence, the Commonwealth has the right to appeal the suppression order. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963). In the instant case that is precisely what the suppression order accomplished. However, the jurisdiction of the Superior Court and the concomitant right of the Commonwealth to appeal a suppression court's ruling is limited to pure questions of law. *See Commonwealth v. Swint*, 256 Pa.Super. 169, 389 A.2d 654 (1978); *Commonwealth v. Chinea*, 246 Pa.Super. 494, 371 A.2d 944 (1977).

 Appellant's second contention is that in reversing the decision of the suppression court, the Superior Court was

clearly usurping the role of the trial court as fact finder. The well established judicial principle is that in reviewing a suppression court's ruling the appellate court is bound by factual findings supported by the record. *Commonwealth v. Wiggins,* 472 Pa. 95, 371 A.2d 207 (1977); and, they may not substitute their own findings for those of the suppression court. *Commonwealth v. Davis,* 491 Pa. 363, 421 A.2d 179 (1980). This principle of deference to trial courts has one important caveat however, appellate courts are not bound by findings wholly lacking in evidence. *Commonwealth v. Hall,* 475 Pa. 482, 380 A.2d 1238 (1977).

■ The Superior Court in reviewing the testimony of the issuing magistrate did not find support in the record to justify Judge Louik's determination that the "issuing magistrate ... appears to have purposely post-dated the search warrant." (Suppression Court Opinion at 1.) And we agree. It is important to note at this juncture that Judge Louik stated at the suppression hearing that "[he was] not saying that this [misdating] was done purposely." (S.T. 39.)

No additional findings were made between the time of the suppression hearing and the issuing of the Suppression Opinion to lead Judge Louik to the conclusion that the misdating was a deliberate act. While we are reluctant to undermine a determination of fact found by a lower court, we must do so when the finding is not supported by the record. *Commonwealth v. Hall, supra.* In the instant case we adopt Judge Louik's finding stated in the record that the mistake was not deliberate.

Though the standard of review used by the Superior Court in reversing the decision of the suppression court was not specifically raised by appellant, we feel it warrants our attention. The standard applied by the Superior Court was set forth in *Commonwealth v. Johnson,* 467 Pa. 146, 354 A.2d 886 (1976).

In reviewing the ruling of the suppression court our initial task is to determine whether the factual findings are supported by the record. In making this determination, we are to consider only the evidence of the prosecu-

tion's witnesses and so much of the evidence for the defense as fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Goodwin*, 460 Pa. 516, 522–23, 333 A.2d 892, 895 (1975). *Id.*, 467 Pa. at 151–152, 354 A.2d at 889.

■ This standard was applied where a defendant was appealing the adverse ruling of a suppression court. Here the Commonwealth is appealing the decision of the suppression court. Accordingly, they should be required to meet the same burden as a defendant who has lost below. Thus, where the Commonwealth is appealing the adverse decision of a suppression court, a reviewing court must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted. To hold otherwise would make a mockery of the suppression court and place an impossible burden on every defendant regardless of his success or failure at the suppression hearing.

Application of this standard in the instant case, however, would not result in a decision contrary to that of the Superior Court. The defendant offered no testimony at the suppression hearing and the Commonwealth's uncontradicted testimony at the suppression hearing was as follows: Lt. Coughlin of the McKeesport Police Department prepared a search warrant for appellant's residence on September 5, 1980, and it was issued that same day at 2:00 p.m. The defense pointed out that on the face of the warrant the date of issuance was September 6, 1980, at 8:00. The issuing magistrate testified that the error was made because the police informed him that they were going to conduct the search at that time (September 6) and he inadvertently put that date on the warrant. (S.T. at 24.) The magistrate further testified that he knew he signed the warrant on September 5, 1980, because that was a Friday, and he is rarely assigned on Saturdays. (S.T. at 24) The Superior Court did not feel this testimony supported a finding of purposeful misdating on the part of the magistrate. We agree.

■ Having made the preceding determination we now must consider whether the misdating will prove fatal to the warrant. Pa.R.Crim.P. 2005 "requires that a search warrant specify date and time of issuance." The omission of the date and time of issuance of the search warrant will be considered fatal only if it deprives the reviewing Court or the suppression court of the ability to review the propriety of the issuance and execution of the warrant. *Commonwealth v. Schilling,* 312 Pa.Super. 43, 458 A.2d 226, 228 (1983).

In addition warrants which contain typographical errors have been distinguished from those which contain errors or omissions affecting the constitutional protections of the Fourth Amendment. *Commonwealth v. Chinea, supra,* 246 Pa.Super. 494, 496, 371 A.2d 944, 945 (1977). Analyzing the warrant from this perspective we do not feel that suppression of the evidence was required. Appellant has not been, nor does he offer any evidence to the effect that he was prejudiced by the misdating. Additionally, the police conducted the search well within the forty-eight (48) hours, and therefore, did not benefit from any extra time as a result of the error. Consequently, the Superior Court's order reversing the order of the suppression court is affirmed. However, because the Suppression Court did not rule on appellant's contention that the warrant was issued without probable cause we remand to the Suppression Court for disposition of the probable cause issue.

ROBERTS, C.J., concurs in the result, as does NIX and LARSEN, JJ.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

The lower court determined that the time of issuance was purposely misdated by the magistrate. The majority concludes that this finding is not supported by the evidence presented during the suppression hearing. This conclusion is based upon what is perceived to be a discrepancy between

the findings of fact in the lower court's opinion and the isolated statement made by Judge Louik. The majority chooses to adopt the statement as the finding of the suppression court, rather than the findings which are set forth in the opinion.

The scope of appellate review should be limited to a determination of whether or not the findings of fact are supported by the record. Reversal of a lower court's findings should not rest upon a perusal of the record which discloses a statement that seemingly contradicts those findings.[1] The majority concludes, as did the Superior Court, that the evidence did not support a finding that the warrant was misdated purposely. This conclusion depends entirely upon a determination, which is contrary to that of the suppression court, that the testimony of the Commonwealth's witnesses was credible. The question of credibility is solely for the factfinder, who has a unique opportunity to observe a witness. We should not substitute our assessment for that of the suppression judge.

The majority further justifies its affirmance of the Superior Court's order by suggesting that the Appellant has not been prejudiced, and the police officers did not benefit from the post-dating of the warrant. Pennsylvania Rule of Criminal Procedure 2005(d) requires a search warrant to "direct that the search be executed within a specified period of time, not to exceed two (2) days from the time of issuance." As indicated in the Comment to the rule, subparagraph (d) is a limitation on reasonableness of the delay between the issuance and service of a search warrant. Therefore, the time of issuance is critical. Where, as here, the suppression court has determined that the time of issuance was purpose-

---

1. In any event, review of the entire record does not disclose the discrepancy perceived by the majority. *Rejecting the Commonwealth's argument* that the date of issuance was an inadvertent error, Judge Louik stated that the evidence introduced by the Commonwealth contradicted this contention because it was admitted that the application for a search warrant was improperly executed and that the magistrate testified he had fixed the next morning as the time for the issuance of the search warrant because he was informed that the warrant would be executed at that time. (N.T. pp. 38–40)

ly misstated, the validity of the warrant is affected. The danger which exists in misstating the time of issuance is readily apparent. Although the two-day limitation is not extended facially, the practical effect is to extend the time to execute the warrant when the actual time of issuance was prior to the time stated on the warrant. The fact that the warrant was not properly issued in this case might not have come to light but for the fortuity of circumstances which lead the Appellant to inquire into the time of issuance. For this reason, I cannot agree with the majority that no harm arose from the magistrate's actions.

I respectfully dissent.