490 A.2d 421

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Gerald Joseph MASON, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1985.

Decided April 3, 1985.

398

Ronald T. Williamson (Chief/Appeals), J. William Ditter, III, Norristown, for appellant.

William R. Bernhart, Reading, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA, and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On January 4, 1979, appellee Gerald Joseph Mason was convicted by a jury in the Court of Common Pleas of Montgomery County of burglary and criminal mischief. That court denied appellee's post-verdict motions and sentenced appellee to a term of imprisonment of six to twenty years on the burglary conviction and three years probation on the conviction for criminal mischief. On direct appeal, a three judge panel of the Superior Court reversed the judgments of sentence and remanded to the Court of Common Pleas for a new trial. 327 Pa.Super. 520, 476 A.2d 389 (1984) (per Montemuro, J., joined by Hester and Cavanaugh, JJ.). We granted the Commonwealth's petition for allowance of appeal to determine the narrow issues of whether the Superior Court erred in holding that the exclusion of evidence was the required remedy for a perceived violation of Rule 2004 of the Pennsylvania Rules of Criminal Procedure ("A search warrant shall be served by a law enforcement officer.") and whether that court erred in holding that the execution of the search warrant in the instant case violated said rule. The pertinent facts are as follows.

On April 6, 1978, appellee and another man were arrested and charged with the burglary of a McDonald's restaurant in Coal Township in Northumberland County. Detective John Crowley of the Montgomery County Police Department had been investigating a very similar burglary of a McDonald's restaurant two days earlier in Douglass Township, Montgomery County.

On the morning of April 6th, Detective Crowley interviewed appellee and his accomplice at the Coal Township police station and concluded that the two men had committed the burglary in Montgomery County. Later that morning, Detective Crowley prepared a search warrant, as affi-

ant, for the search of appellee's apartment in the city of Reading, Berks County. The information set forth in the warrant and accompanying affidavit clearly established that probable cause existed to believe that evidence or the fruits of the Montgomery County burglary were located at appellee's apartment, and identified with particularity the items to be searched for and seized. Detective Crowley presented the warrant application and affidavit to District Justice George Graeff, a magistrate in Reading, who made a determination that probable cause existed to support the warrant, and issued the warrant at 5:00 p.m. on April 6th.

At approximately 5:20 p.m., Detective Crowley conducted a search of appellee's apartment, assisted by two Montgomery County police officers, and seized several items that further incriminated appellee in the burglary of the Montgomery County McDonald's. Also, as stated by the Superior Court, "[t]wo police officers from the city of Reading ... accompanied the officers from Montgomery County, and although they were present in [appellee's] apartment when the warrant was executed, *they did not participate in the search....*" 327 Pa.Super. at 542, 476 A.2d at 400. On April 8, 1978, appellee and his accomplice were arrested and charged with the burglary of the Montgomery County McDonald's.

On appeal, the Superior Court held that the search of appellee's apartment by Montgomery County law enforcement officers violated Rule 2004 of the Pennsylvania Rules of Criminal Procedure, which provides, simply, that: "A search warrant shall be served by a law enforcement officer." The Superior Court stated:

unless there is a grant of authority from the Legislature, a law enforcement officer has no authority to execute a search warrant outside his own territorial jurisdiction. We also hold a search will not be violative of Rule 2004 where the non-jurisdictional police (who have no authority to act) are accompanied by jurisdictional police (with authority to act) *who participate in the making and execution of the search, regardless of the degree of*

*participation of the jurisdictional police.* A search warrant is "executed" or "served" by making and conducting a search. *Obviously, there can be no "execution" by police officers who do not participate in the search.*

Since the Montgomery County police had no authority to conduct a search of appellant's apartment in the city of Reading, Berks County, and since the Reading police officers who accompanied the Montgomery police *did not participate in the search,* the search was illegal.

327 Pa.Super. at 547, 476 A.2d at 402–03 (emphasis added). Having concluded that the search violated Rule 2004, the Superior Court then, without analysis or citation of authority, held that:

*The introduction of evidence seized in [appellee's] apartment,* which was material to the Commonwealth's case and incriminatory of [appellee] relative to the offense for which he was tried, *was obtained by an illegal search of his apartment.*

*It follows, therefore, that the judgment of sentence is reversed* and the case is remanded for a new trial.

*Id.,* 327 Pa.Superior Ct. at 548, 476 A.2d at 403 (footnote omitted; emphasis added).

■ Initially, we reject the automatic application of the exclusionary rule to suppress evidence seized pursuant to a search which in some way violates the Pennsylvania Rules of Criminal Procedure relating to the issuance and execution of search warrants. The Superior Court, with neither analysis nor citation of authority, held that since Rule 2004 had been (in its view) violated, the evidence introduced at trial which was seized from appellee's apartment was illegally obtained, which illegality necessitated reversal of the judgments of sentence and the grant of a new trial. 327 Pa.Super. at 547, 476 A.2d at 403. Such a drastic remedy—the automatic exclusion of evidence obtained during a search that is found to have technically violated the Rules of Criminal Procedure—is unwarranted, and is not supported by decisions of the appellate courts.

In suppressing the evidence seized at appellee's apartment, the Superior Court panel has ignored its own precedent. In *Commonwealth v. Walls*, 255 Pa.Super. 1, 386 A.2d 105 (1978), the Superior Court stated:

The Commonwealth argues on appeal that it was beyond the power of the lower court to apply the exclusionary rule ... because of a violation of the Pa.R.Crim.P. 2008. In support of its position the Commonwealth cites *Commonwealth v. Jones*, 245 Pa.Super. 487, 369 A.2d 733 (1977). In that case the lower court suppressed evidence seized because a police officer failed to verify the inventory of items seized when he made a return of the warrant to the issuing authority as provided by Rule 2009(a) of the Pennsylvania Rules of Criminal Procedure. We held that neither the lower court nor the Superior Court has the power to fashion a rule that requires the exclusion of evidence because of a violation of a Rule of Criminal Procedure. The general supervisory and administrative authority over all the courts is vested solely in the Supreme Court of Pennsylvania and if such a rule is to be promulgated or the present rule amended it is within the jurisdiction of the Supreme Court.

255 Pa.Super. 5, 386 A.2d 106–07. *See also Commonwealth v. Johnson*, 315 Pa.Super. 579, 462 A.2d 743 (1983) (violation of Rule 2003(c), regarding nighttime searches, does not require exclusion of evidence seized); *Commonwealth v. Crawford*, 320 Pa.Super. 95, 466 A.2d 1079 (1983) (same); *Commonwealth v. DeGeorge*, 319 Pa.Super. 244, 466 A.2d 140 (1983) (violation of Rule 2009(a), requiring return of an inventory of the items seized, does not require exclusion of evidence); *Commonwealth v. Chinea*, 246 Pa.Super. 494, 371 A.2d 944 (1977) (violation of Rule 2005(a) in omitting month from date of issuance does not require exclusion of evidence seized); *Commonwealth v. Shilling*, 312 Pa.Super. 43, 458 A.2d 226 (1983) (same); *Commonwealth v. Wilds*, 240 Pa.Super. 278, 362 A.2d 273 (1976) (signature of affiant on wrong line of form warrant did not implicate constitutional rights and exclusion of evidence seized was not warranted).

This Court most assuredly has not fashioned an automatic rule of exclusion of evidence for violations of Chapter 2000 of the Rules of Criminal Procedure generally, nor for Rule 2004 specifically. Indeed, we have made it clear that the execution of a search warrant which violates these Rules will not automatically require the exclusion of evidence so obtained. In *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979), we held:

A rule of exclusion is properly employed where the objection goes to the question of the reliability of the challenged evidence ... or reflects intolerable government conduct which is widespread and cannot otherwise be controlled.... Experience does not suggest there has been such a widespread and flagrant abuse of rule 2008(a) that would require the fashioning of a *per se* exclusionary rule for its violation.... *Therefore, the imposition of a sanction requiring the exclusion of evidence that results from a search where there has not been compliance with the rule must depend upon the relationship of the violation to the reliability of the evidence seized.* Here, there was probable cause for the entry and search and there is no dispute that the rifle was in fact found on the premises described in the warrant and seized pursuant to that search. *Thus, appellant's rights were not prejudiced by the officer's failure to fully comply with the mandates of the rule.*

Federal cases interpreting a comparable rule of criminal procedure, *see* Rule 41(d) of the Federal Rules of Criminal Procedure, have concluded that although important, *the procedures required for execution and return of the warrant are ministerial and that irregularities should not void an otherwise valid search absent a showing of prejudice. See e.g. U.S. v. Hall*, 505 F.2d 961 (3d Cir.1974); *In Re Ellsberg*, 446 F.2d 954 (1st Cir.1971); *U.S. v. McKenzie*, 446 F.2d 949 (6th Cir.1971); *U.S. v. Klapholz*, 230 F.2d 494 (2d Cir.1956) *cert.* denied 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454. *We accept the wisdom of this approach and hold that where, as here, appel-*

*lant has failed to demonstrate that she was prejudiced from the violation of this rule a request to suppress the fruits of the search is not justified.*

486 Pa. at 115–16, 404 A.2d at 385 (footnote and some citations omitted; emphasis added).

More recent cases of this Court have reaffirmed the principle that technical violations of the Rules regarding the issuance and execution of a search warrant do not ordinarily render the search unreasonable nor require the exclusion of evidence, whereas violations of the Rules which assume constitutional dimensions and/or substantially prejudice the accused may require the exclusion of evidence so seized. In *Commonwealth v. Hamlin*, 503 Pa. 210, 469 A.2d 137 (1983), this Court upheld the reversal by the Superior Court of the suppression court's ruling which held that the misdating of a search warrant by the magistrate (regarding date of issuance) violated Pa.R.Crim.P. Rule 2005(a) and required the exclusion of evidence seized pursuant to that warrant. The Opinion Announcing the Judgment of the Court[1] stated that suppression of the evidence seized pursuant to the technically flawed warrant was not required as the error neither affected constitutional protections against unreasonable searches and seizures nor otherwise prejudiced the defendant.

In contrast, in *Commonwealth v. Chandler*, 505 Pa. 113, 477 A.2d 851 (1984), this Court found that the error committed by the magistrate was one of constitutional import, and so held that evidence seized pursuant to the defective warrant must be suppressed. In that case, a police officer presented a warrant application and affidavit of probable cause to a district magistrate, who affixed his jurat to the affidavit *only*, indicating that the affidavit had been sworn and subscribed to before the magistrate. However, the magistrate did not sign or complete the "issuance" section of the warrant nor otherwise indicate on the warrant form or the record that he had made a determination of probable

---

1. Per McDermott, J., joined by Flaherty and Hutchinson, JJ., with Roberts, C.J., Nix and Larsen JJ. concurring in the result; Zappala, J. dissented.

cause. Accordingly, this Court held that the magistrate had never actually issued the warrant, and we stated:

It is not enough, absent exigent circumstances, that a policeman believe the facts he has are probable cause for a search warrant. The people of this state and nation are constitutionally entitled to an independent judicial determination of probable cause.... Moreover, that determination must be made before and not after the search....

* * * * * *

Both the Fourth Amendment to the United States Constitution and Article I, Section 8 of our Pennsylvania Constitution prohibit unreasonable searches and seizures. They provide that no warrant shall issue except upon probable cause supported by oath or affirmation, and that the warrant must describe the place to be searched and the person or things to be seized....

* * * * * *

In order to insure the protection of those constitutional provisions both this Court and the United States Supreme Court require law enforcement officers to obtain a judicially issued search warrant absent certain exigent circumstances.

505 Pa. at 118–122, 477 A.2d at 854–55. Distinguishing cases wherein the defect in the warrant was merely technical, we held that the defective warrant in *Chandler*, being of constitutional dimension, required that the evidence seized pursuant thereto be suppressed.[2]

The Circuit Court of Appeals for the Ninth Circuit recently elaborated as to when exclusion of evidence would be an appropriate remedy for the violation of rules of criminal

**2.** The United States Supreme Court has substantially modified the reach of the federal exclusionary rule in recognizing an exception to its application where evidence is seized by police officers in reasonable, good-faith reliance on a search warrant issued by a neutral and detached magistrate, which warrant is subsequently held to be defective. *See United States v. Leon,* 468 U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) *and Massachusetts v. Sheppard,* 468 U.S. —, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). That Court would apply this exception even where the defect in the warrant assumes constitutional significance, as where the magistrate has erred in his or her determi-

procedure. In *United States v. Johnson*, 660 F.2d 749, 753 (9th Cir.1981), *cert. denied* 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982), that court stated:

> Even granting appellants' contentions that the rule was not followed, the evidence should not be suppressed.
>
> "Only a 'fundamental' violation of Rule 41 requires automatic suppression, and a violation is 'fundamental' only where it, in effect, renders the search unconstitutional under traditional fourth amendment standards." *U.S. v. Vasser*, 648 F.2d 507, 510 (9th Cir.1980). Where the alleged violation of Rule 41 is not "fundamental" suppression is required only where:
>
> "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision of the Rule." *Id.* (citations omitted).

*See also United States v. Searp*, 586 F.2d 1117 (6th Cir. 1978), *cert. denied* 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979) (suppression due to Rules violation not justified absent bad faith conduct on the part of police or prejudice to defendant in sense that search would not have occurred or would not have been as obtrusive).

█ From the foregoing, we reemphasize that exclusion/suppression of evidence is not an appropriate remedy for every violation of the Pennsylvania Rules of Criminal Procedure concerning searches and seizures. It is only

nation that probable cause exists to support the warrant. *United States v. Leon, supra.* We express no opinion at this time, however, as to whether the Pennsylvania Constitution itself, Article I, Section 8, would compel the exclusion of evidence obtained in violation thereof, nor as to whether a state constitutional exclusionary rule would be applied in a manner co-extensive with its federal counterpart. *See Commonwealth v. DeJohn*, 486 Pa. 32, 55, 403 A.2d 1283, 1294 (1979) (Larsen, J., dissenting; "this Court has never fully considered whether the Pennsylvania Constitution itself compels exclusion of evidence obtained in violation thereof.") This Court, of course, has the power to impose standards and safeguards on searches and seizures more extensive than those required by the federal constitution as interpreted by the federal courts. *Id.* at 486 Pa. 43, 403 A.2d 1288 (majority opinion per O'Brien, J.)

where the violation also implicates fundamental, constitutional concerns, is conducted in bad-faith or has substantially prejudiced the defendant that exclusion *may* be an appropriate remedy. Under the circumstances of the instant case, it is clear that even if Rule 2004 had been violated (we hold, *infra*, that it had not been), suppression of the evidence seized from appellee's apartment "would be a remedy out of all proportion to the benefits gained to the end of obtaining justice while preserving individual liberties unimpaired." *United States v. Searp, supra* at 586 F.2d 1123. To make such a caricature of form distorts justice. *See also Commonwealth v. Corley*, 507 Pa. 540, 491 A.2d 829 (1985) (refusal to extend exclusionary rule to cases where evidence was obtained as a result of an allegedly unlawful arrest by a private citizen).

▉ We also hold that the Superior Court erred in concluding that the search of appellee's apartment violated Pa.R.Crim.P. Rule 2004. That court adopted Judge Spaeth's dicta in *Commonwealth v. Kunkel*, 268 Pa.Super. 299, 408 A.2d 475 (1979), in holding:

> Although dicta, we find Judge Spaeth's reasoning in *Commonwealth v. Kunkel, supra*, 268 Pa.Super. at 302–303, 408 A.2d at 476 (1979); most persuasive. He said that since the officers serving the warrant had no official powers outside their own jurisdiction, the service was illegal under Pa.R.Crim.P. 2004. He went on to say that "although Rule 2004 stated somewhat ambiguously, that 'a search warrant shall be served by a law enforcement officer', *the rule assumes, we believe, that the officer serving the warrant has authority to act as an officer at the place where the warrant is served, not at some other place.*"

327 Pa.Super. at 547, 476 A.2d at 402 (emphasis added). This assumption, which reads into Rule 2004 the additional requirement that the officers serving the warrant have territorial jurisdiction at the place of the search, is wrong. Rule 2004 provides, clearly and simply, that a search warrant shall be served by *a law enforcement officer*. The comment to the rule provides that *"[n]o specific person*

*need be designated* in the warrant. However, only *a law enforcement officer* can properly serve a search warrant." A plain reading of Rule 2004 and its comments demonstrates that the Superior Court's "assumption" is incorrect.[3]

Moreover, even were we to agree with the Superior Court that Rule 2004 required that a law enforcement officer having primary jurisdiction in the place where the search is to take place actually "participate" in the service of the warrant, we would not hesitate to find that requirement met in the instant case because of the presence of "jurisdictional police officers" (Reading Police Department officers) at appellee's apartment. The distinction recognized by the Superior Court, between searches wherein "jurisdictional police" participate in the search "regardless of the degree of participation" and searches wherein "jurisdictional police" are "merely" present at the scene, is artificial; their presence is certainly sufficient to constitute "actual participation".

The Superior Court's interpretation of Rule 2004 frustrates the purposes of the Rules of Criminal Procedure, as expressed in Pa.R.Crim.P.Rule 2, which states:

**3.** Subsequent to the events which gave rise to this appeal, the General Assembly enacted legislation providing for statewide municipal police jurisdiction and establishing requirements for the exercise of that jurisdiction. Act of June 15, 1982, P.L. 512, No. 141, § 4, 42 Pa.C.S.A. § 8953, effective date August 14, 1982. That act provides that "service" of arrest and search warrants may be made by a municipal police officer acting "beyond the territorial limits of his primary jurisdiction", under the following circumstances:

(1) Where the officer is acting pursuant to an order issued by a court of record or an order issued by a district magistrate whose magisterial district is located within the judicial district wherein the officer's primary jurisdiction is situated, or where the officer is otherwise acting pursuant to the requirements of the Pennsylvania Rules of Criminal Procedure, *except that the service of an arrest or search warrant shall require the consent of the chief law enforcement officer, or a person authorized by him to give consent, of the organized law enforcement agency which regularly provides primary police services in the municipality wherein the warrant is to be served.* (emphasis added)

We will instruct our Rules Committee to draft appropriate amendments to the Rules set forth in Chapter 2000 to conform those Rules to the legislative enactment.

## Purpose and Construction

These rules are intended to provide for *the just determination of every criminal proceeding.* They shall be construed to secure *simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay* and as nearly as may be in consonance with the rules of statutory construction.

On his appeal to Superior Court, appellee raised numerous other allegations of pre-trial and trial error which, he claimed, entitled him to a new trial. While the Superior Court addressed most of these issues and resolved them adversely to appellee, at least one issue was not addressed.[4] Accordingly, we must remand this case to the Superior Court for disposition of all remaining appellate issues.

The Order of the Superior Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

ZAPPALA, J., concurred in the result.

---

**4.** The Superior Court stated at 327 Pa.Superior Ct. 548, n. 17, 476 A.2d 403, n. 17: "Since we have found the search of appellant's apartment to be illegal, his remaining claim of trial error in allowing, over objection, "expert" testimony as to the items seized in the apartment, is now rendered moot.