J-S43008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LEONARD | |
| Appellant | No. 1350 WDA 2016 |

Appeal from the PCRA Order August 23, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0002957-2012

BEFORE:  STABILE, SOLANO, and FITZGERALD, [*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED  OCTOBER 2, 2017**

Appellant, James Leonard, appeals *pro se* from the August 23, 2016 order of the Court of Common Pleas of Allegheny County ("PCRA court") dismissing Appellant's petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

A panel of this court previously summarized the procedural and factual history of the matter as follows.

> On November 1, 2011, Officers Burgunder, Churilla, and Ficorilli of the Pittsburgh Bureau of Police were contacted by a confidential informant who notified them that a black male known as James Leonard was selling Percocet and heroin from his residence at 3454 Ligonier Street in Pittsburgh, Pennsylvania. The police officers were familiar with that residence, having previously conducted drug-related arrests of two individuals

_____

[*] Former Justice specially assigned to the Superior Court.

departing from that location. The officers conducted surveillance of the residence and observed a lot of foot traffic in and out of the residence, with various people briefly entering and then leaving, in a pattern consistent with street level drug sales. Soon thereafter, Appellant left the residence in a silver Dodge Stratus. Officers Ficorilli and Burgunder followed Appellant and observed him quickly change lanes three times without using a turn signal. The police officers activated their lights and sirens and stopped Appellant's vehicle. When Officer Burgunder approached the passenger side of the vehicle, he observed a clear plastic bag containing a large quantity of white, oval shaped pills in the center console, which Appellant informed him were Percocet. Appellant stated that he did not have a prescription for the drugs, but he took them for pain management. Subsequent testing revealed the pills were Vicodin and not Percocet.

Appellant was arrested and the officers secured a search warrant for Appellant's residence in which they retrieved marijuana, heroin, over $12,000 in United States currency, a semi-automatic weapon, and drug paraphernalia. Appellant was charged with [possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, driving while his operating privileges were suspended, and failure to use a turn signal].

On May 16, 2013, Appellant filed a suppression motion. The trial court convened a hearing on August 1, 2013, at the conclusion of which the trial court entered an order denying Appellant's suppression motion. Following a stipulated [non-]jury trial on September 24, 2013, the trial court rendered its guilty verdicts.

On January 31, 2014, the trial court conducted a sentencing hearing and sentenced Appellant to five (5) to ten (10) years of imprisonment.

*Commonwealth v. Leonard*, 342 WDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed November 14, 2014) (footnote omitted). A panel of this Court affirmed Appellant's judgment of sentence on November 14, 2014,

and our Supreme Court denied Appellant's allocatur petition on March 27, 2015.

Appellant filed a timely *pro se* PCRA petition on March 29, 2016. On April 13, 2016, the PCRA court appointed Scott Coffey, Esquire, as Appellant's PCRA counsel. On June 23, 2016, PCRA counsel filed a ***Turner***/***Finley***[1] "no merit" letter and an application to withdraw. On July 5, 2016, the PCRA court granted counsel's application to withdraw and provided Appellant with notice, pursuant to PA.R.Crim.P. 907, that it intended to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response on July 26, 2016, and the PCRA court dismissed Appellant's PCRA petition on August 23, 2016.

Appellant, *pro se*, filed a timely appeal on September 12, 2016. The following day the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. Appellant complied on October 5, 2016 and the PCRA court issued a Pa.R.A.P. 1925(a) opinion on January 19, 2017.

Appellant raises four issues on appeal, which we quote verbatim.

> [I.] After reviewing all relevant pleadings/proceedings pertaining to this case, does the PCRA court err in the wholesale adoption, and acceptance, of the Turner/Finley letter, and in subsequently permitting PCRA counsel to withdraw?

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[II.] After reviewing all relevant pleadings/proceedings pertaining to this case, does the PCRA court err by not granting Appellant the opportunity to amend the original, bare-bones, pro se PCRA petition?

[III.] After review of the facts in the Motion for Change of Counsel, the Response to Notice of Intent to Dismiss/Motion to file Amended PCRA Petition, and the Turner/Finley letter, does the PCRA court err in presumably ruling that PCRA counsel was effective?

[IV.] Does the PCRA court err in summarily dismissing Appellant's PCRA petition without an evidentiary hearing, and in declaring all arguments and issues meritless and/or frivolous?

Appellant's Brief at 4 (sic).

Appellant's first issue is challenging the PCRA court's independent review of the record and dismissal of his PCRA petition. "In PCRA proceedings, this Court's scope of review is limited by the PCRA's parameters. Since most PCRA appeals involve mixed questions of fact and law, the standard of review we apply is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citing *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009)).

The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, [544 A.2d at 927],

- 4 -

then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012) (citing *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009)).

Counsel identified seven meritless allegations of ineffective assistance of counsel in his *Turner*/*Finley* letter upon which Appellant wished to proceed. *See Turner*/*Finley* Letter, 6/23/16, at 4-9. "It is well established that counsel is presumed effective, and a [PCRA] petitioner bears the burden of proving ineffectiveness." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779-80 (Pa. Super. 2015) (*en banc*) (quoting *Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009) (alteration in original) (additional citations omitted)). "To prevail on an [ineffective assistance of counsel] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. *Id.* at 780 (citations omitted). If the petitioner fails to meet any of the *Pierce*[2] prongs, the claim fails. *Id.*

Counsel's first meritless issue is whether trial counsel failed to raise a claim regarding the time the search warrant was signed and served. Appellant cites the police criminal complaint, which states that the search warrant was signed at 9:40 p.m. on November 1, 2011, and executed at

---

[2] *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

9:55 p.m. the same date; however, on the face of the warrant it appears to have been signed at 10:00 p.m. "Pennsylvania Courts have long held that a technical defect in a warrant, such as the mis-dating at issue here, does not render a warrant invalid in the absence of a showing of prejudice." *Commonwealth v. Benson*, 10 A.3d 1268, 1274 (Pa. Super. 2010) (citing *Commonwealth v. Hamlin*, 469 A.2d 137, 140 (Pa. 1983)). In the matter *sub judice*, the time period in question was twenty minutes. Thus, Appellant would be unable to establish prejudice and the claim is meritless.

Counsel identifies a second meritless claim as to the untested nature of the confidential informant. Appellant's brief is bereft of discussion on this issue, as he focuses solely on the tense of the word "currently" and the fact that the challenge to the informant had previously been litigated. While Appellant is correct that PCRA counsel failed to acknowledge this issue was previously litigated, this on its own does not establish a claim upon which relief can be granted. Moreover, it renders the underlying claim waived. *See* 42 Pa.C.S.A. § 9544. Relatedly, Appellant asserts that trial counsel was ineffective for failing to challenge the timing of when the confidential informant obtained the information that led to the search warrant. PCRA counsel noted this as issue four and concluded that this issue lacked merit because it did not render the warrant defective for lack of probable cause. *See Turner/Finley*, Letter, 6/23/16, at 8.

> [A] determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a

common sense, non-technical manner. ***Commonwealth v. Luv***, 557 Pa. 570, 735 A.2d 87, 90 (1999). Thus, an informant's tip may constitute probable cause where police independently corroborate the tip, **or** where the informant has provided accurate information of criminal activity in the past, **or** where the informant himself participated in the activity. ***Id.***

***Commonwealth v. Clark***, 28 A.3d 1284, 1288 (Pa. 2011) (emphasis in original). In the matter *sub judice*, the police corroborated the information via surveillance that occurred on the same date they received the information from the confidential informant and obtained the warrant. Thus, Appellant's claims is meritless and would not satisfy the first ***Pierce*** prong.

Counsel's third and seventh identified claims involve an alleged inconsistency with the criminal complaint and the testimony at the suppression hearing regarding a bag of pills in the center console. Appellant asserts that the pills were not in plain view and requests an expert to establish that it was impossible to see them. During the suppression hearing the following exchange occurred during cross-examination of Officer Brian Burgunder.

Q. You say you found a plastic bag containing oval pills in the console of Mr. Leonard's vehicle.

A. Yes.

Q. Did this console have a lid to it?

A. It did. What I refer to as the entire center console. The gear shifter was in the middle.

Q. Could someone have put the lid on top of the console, thus concealing anything in it?

A. Not where the pills were.

Q. They were in a clear plastic bag; right?

A. Yes.

N.T. Suppression Hearing, C, at 20. Upon review of the testimony, this claim is meritless as the lid Appellant was describing did not obscure the visibility of the pills. Thus, the claim lacks merit and fails to meet the first *Pierce* prong. Appellant's claim fails.

The final meritless claims of ineffective assistance of counsel identified by PCRA counsel involves failing to call as witnesses a second police officer who was present at the traffic stop and James White, an individual who was present at Appellant's house during the period the police were conducting surveillance of his residence.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the *Strickland*[3] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations omitted). Appellant's brief is bereft of discussion of the second police officer, thus this claim fails. While Appellant's brief discusses James White, his contention is that PCRA counsel failed to contact him regarding James White,

_____

[3] *Strickland v. Washington*, 468 U.S. 668 (1984).

- 8 -

not that trial counsel was ineffective for failing to call James White. There is nothing to establish that the absence of the testimony of James White would have been so prejudicial as to deny Appellant a fair trial. During the suppression hearing Officer Churilla testified regarding a number of people going in and out of the residence, not just the one person that James White would have testified to. *See* N.T. Suppression Hearing, 8/1/13, at 25. Thus, while the testimony would have contradicted the testimony of Officer Churilla, it would not have caused substantial prejudice as there was ample evidence to establish probable cause for the search warrant. ***See generally*** N.T. Suppression Hearing, 8/1/13. Thus, Appellant's claim fails.

Next, Appellant alleges the PCRA court erred when it denied his motion to amend his PCRA petition. The PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). While Rule 905 provides for liberal amendment, when such amendment is frivolous or meritless, such amendment would be unnecessary. *See* Pa.R.Crim.P. 907(1). As discussed above, permitting such amendment was unnecessary as the PCRA court conducted an independent review of the record[4] and there were no issues of merit; thus, the PCRA court properly denied his motion to amend.

---

[4] As noted above, this Court previously reviewed this independent review and determined that the claims were indeed meritless.

Appellant's third claim is that PCRA counsel was ineffective for filing a *Turner*/*Finley* letter rather than an amended PCRA petition. As discussed above, Appellant's underlying claims lack merit; thus, his ineffectiveness claim against PCRA counsel is frivolous. Additionally, counsel's *Turner*/*Finley* letter satisfies the requirements of *Turner* and *Finley*, as explained above. Thus, Appellant's claim fails.

Appellant's final argument is that the PCRA court erred when it denied his petition without a hearing.

> Pursuant to [Pa.R.Crim.P. 907], a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

*Brown*, 161 A.3d at 964 (quoting *Commonwealth v. Burton*, 158 A.3d 618, 622 (Pa. 2017)). As discussed above, Appellant's claims lacked merit; thus, there was no legitimate purpose to be served by the PCRA court holding a hearing. Appellant's claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/2/2017