**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Matthew C. SKARICA, Appellee.**

Superior Court of Pennsylvania.

Submitted June 1, 2009.
Filed Dec. 9, 2009.

Cynthia A. Gilkey, Assistant District Attorney, Mercer, for Commonwealth, appellant.

Raymond H. Bogaty, Public Defender, Mercer, for appellee.

BEFORE: FORD ELLIOTT, P.J., ALLEN, J., and POPOVICH, J.

OPINION BY POPOVICH, J.:

¶ 1 The Commonwealth appeals the order granting the motion to suppress filed by Appellant Matthew C. Skarica that claimed the police violated Pa.R.Crim.P. 431.[1] We reverse.

¶ 2 "[W]here the Commonwealth is appealing the adverse decision of a suppression court, a reviewing court must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted." *Commonwealth v. Hamlin,* 503 Pa. 210, 216, 469 A.2d 137, 139 (1983).

¶ 3 Herein, under the preceding standard, it is undisputed that a warrant had been issued by Magisterial District Judge Antos for Appellee's failure to respond to a traffic citation, which resulted in his arrest and detention by local police at a facility situated one-half mile from the office of the district judge who issued the warrant. While Appellant was detained at the "lockup" facility, the police questioned Appellant after he executed a waiver of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It appears that on the morning of Appellant's arrest, the Mercer County Drug Task Force had received information that Appellant was involved in illegal drug activity. Such information, conjoined with knowledge that Appellant had an outstanding arrest warrant, prompted a concerted effort by local and county law enforcement to locate, arrest, and interrogate the accused. During questioning, Appellant made incriminating statements reflective

---

1. Rule 431 states, as herein relevant:

   **(A)** When a warrant is issued pursuant to Rule 430 in a summary case, the warrant shall be executed by a police officer as defined in Rule 103.
   (1) If the warrant is executed between the hours of 6 a.m. and 10 p.m., the police officer shall proceed as provided in paragraphs (B) or (C).

   \* \* \*

   **(B) Arrest Warrants Initiating Proceedings.**
   (1) When an arrest warrant is executed, the police officer shall either:
   (a) accept from the defendant a signed guilty plea and the full amount of the fine and costs if stated on the warrant;
   (b) accept from the defendant a signed not guilty plea and the full amount of collateral if stated on the warrant; or
   (c) if the defendant is unable to pay, cause the defendant to be taken without unnecessary delay before the proper issuing authority.

   \* \* \*

   **(C) Bench Warrants**
   (1) When a bench warrant is executed, the police shall either:
   (a) accept from the defendant a signed guilty plea and the full amount of the fine and costs if stated on the warrant;
   (b) accept from the defendant a signed not guilty plea and the full amount of collateral if stated on the warrant;
   (c) accept from the defendant the amount of restitution, fine, and costs due as specified in the warrant if the warrant is for collection of restitution, fine, and costs after a guilty plea or conviction; or
   (d) if the defendant is unable to pay, promptly take the defendant for a hearing on the bench warrant as provided in paragraph (C)(3).
   Pa.R.Crim.P. 431.

of his storage of marijuana at his residence, which became the basis for a subsequent application for a warrant to search Appellant's residence that produced twelve ounces of marijuana individually wrapped in one-ounce baggies. Arising out of the seizure were drug offenses charging Appellant with possession with intent to deliver, possession of a controlled substance, and possession of drug paraphernalia. Thereafter, Appellant was granted an omnibus pre-trial motion to suppress the statements made while being questioned by police during his detention on the district judge's arrest warrant. The Commonwealth perfected the present appeal challenging the grant of the motion to suppress on the basis that a delay of three hours (from the point of Appellant's arrest, detention, and ultimate release) was not an "unnecessary" delay under Rule 431.[2] We agree. We would also observe that the grant of the motion to suppress was not the appropriate remedy for the delay in taking Appellant before the proper issuing authority under Rule 431.

¶ 4 The grant of a motion to suppress evidence is the exception and not the rule when it comes to the remedy employed for violation of a procedural rule by police. Our Supreme Court has stated as much in rejecting "the automatic application of the exclusionary rule to suppress evidence seized pursuant to a search which in some way violates the Pennsylvania Rules of Criminal Procedure relating to the issuance and execution of search warrants." *Commonwealth v. Mason*, 507 Pa. 396, 400, 490 A.2d 421, 423 (1985).

¶ 5 We hold that presently there was a mere technical violation of the Rules of Criminal Procedure, and, therefore, consistent with *Mason*, suppression is not justified. The trial court seems to espouse the position that siding with the Commonwealth on this point ignores the very substantial possibility that had the Rule been complied with, Appellee would not have been detained past the period necessary to make payment of the appropriate sum of money to the officer for the traffic citation upon which the bench warrant was issued. There is no basis in the record for such a conclusion. And, unlike the trial court, we are of the view that it is not uncharacteristic for a person arrested because of an outstanding warrant to be detained by police and questioned, which is what occurred at bar leading to Appellant's incriminating statement.

¶ 6 The facts are clear that an arrest warrant had been issued by the district judge, the police were cognizant of its existence, and, upon encountering Appellant, the police exercised their authority to effectuate the arrest warrant, which, in this case, included Appellant's detention, waiver of *Miranda* rights, and incriminating statements utilized as the predicate for a search warrant uncovering criminal conduct. As a result, pursuant to *Mason's* rationale, we shall reverse.

¶ 7 Accordingly, the trial court's order being to the contrary, we reverse the order granting Appellant's motion to suppress.

¶ 8 Order reversed. Case remanded. Jurisdiction relinquished.

¶ 9 FORD ELLIOTT, P.J. notes dissent.

---

**2.** The Commonwealth has certified that the order will terminate or substantially handicap the prosecution. *See* Pa.R.A.P. 311(d). The Commonwealth has "an absolute right of appeal to the Superior Court to test the validity of a pre-trial motion to suppression order." *Commonwealth v. Smith*, 979 A.2d 913, 916 n. 3 (Pa.Super.2009) (*quoting Commonwealth v. Bender*, 811 A.2d 1016, 1017 (Pa.Super.2002)).