J-A24030-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| OMONT WIGGINS, | |
| Appellee | No. 2578 EDA 2013 |

Appeal from the Order August 8, 2013
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0001600-2011

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

DISSENTING MEMORANDUM BY PLATT, J.:       **FILED DECEMBER 09, 2014**

I respectfully dissent from the learned Majority's decision to affirm the order of the trial court.  From my review, I conclude that any deviations from the rules for obtaining and executing a search warrant were mere technical non-compliance which did not deprive Appellee of any constitutional rights or substantially prejudice him.  In particular, I disagree with the conclusion that the record does not show that the police obtained a warrant before conducting the search of Appellee's apartment.  (**See** Majority Memorandum, at 7, 9, 12).  I would vacate the order of suppression and remand for trial.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The record reflects that, prior to conducting the search, Officer Michael Davis applied for a search warrant in the early morning on a Sunday using the established process for contacting an on-call magisterial district judge through county dispatch. (*See* N.T. Suppression Hearing, 3/26/12, at 36-37, 87). District Judge Jay S. Friedenberg, whom Officer Davis had never met, contacted the officer and asked him to explain the circumstances of the warrant application. (*See id.* at 87, 104; *see also* N.T. Statement on the Record, 8/08/13, at 6). Officer Davis testified that, because Judge Friedenberg's audio/visual equipment was not functioning properly, he told Officer Davis that they would handle the search warrant process using the telephone and fax machine. (*See* N.T. Suppression Hearing, 3/26/12, at 87-88, 109-10). Officer Davis faxed the warrant application and affidavit to Judge Friedenberg, and the officer swore to the truth and accuracy of the affidavit while under oath over the telephone. (*See. id.* at 87-88, 103). Judge Friedenberg signed the warrant at 7:00 a.m., Officer Davis received the fax "within minutes," and he "left and went right over [to Appellee's residence located approximately] three minutes" from the police station. (*Id.* at 92; *see also id.* at 44, 108; Commonwealth's Exhibit 3). The time listed on the inventory for commencement of the search is 7:17 a.m. (*See* N.T. Suppression Hearing, 3/26/12, at 39-40; *see also* Commonwealth's Exhibit 1).

Although the machine-generated fax tags indicate that police received the signed warrant at 7:48 a.m., approximately one half-hour after the time

listed on the inventory for commencement of the search, Officer Davis unequivocally testified that police did not go into the apartment to conduct the search before receiving the signed warrant. (**See** N.T. Suppression Hearing, 3/26/12, at 90-93, 108; **see also** Commonwealth's Exhibits 1, 3). Officer David Chiofolo corroborated Officer Davis's testimony, stating that he held post at the door of Appellee's residence "[t]o secure the apartment and [make sure] no one entere[d] the apartment prior to us obtaining a search warrant to enter." (N.T. Suppression Hearing, 3/26/12, at 114). Officer Chiofolo further testified that no one searched the apartment before obtaining the signed search warrant and that Officer Davis returned the apartment with the executed warrant "a couple [of] minutes after [7:00 a.m.]." (**Id.** at 115). Sergeant Richard Schaffer likewise testified that Officer Davis arrived at the apartment with the signed search warrant before they began the search. (**See id.** at 38-39, 44).[1]

Based on the foregoing, I do not agree with the learned Majority's conclusion that the record does not show that police obtained the warrant

---

[1] To the extent the Majority relies on the purported "sweep" of the apartment before the search (Majority Memorandum, at 8), "the parties at the hearing did not dwell on the scope—or even the **existence**—of the so-called 'sweep,' and it was not mentioned in the search-warrant affidavit." (Trial Court Opinion, 2/19/14, at 5) (emphasis added). A review of the suppression hearing transcript reflects that, prior to the search, police secured the apartment and posted Officer Chiofolo at the door to make sure no one entered while police were in the process of obtaining the warrant. (**See** N.T. Suppression Hearing, 3/26/12, at 38, 89-90, 114-15). Officer Davis testified that there was no "sweep" before the search. (**Id.** at 91).

before searching Appellee's apartment. Furthermore, I conclude that the violations of our Rules of Criminal Procedure made during the search warrant process, (*see* N.T. Statement on the Record, 8/08/13, at 3; Commonwealth's Brief, at 8-9), were merely technical in nature and did not implicate fundamental, constitutional concerns or substantially prejudice Appellee. *See Commonwealth v. Ruey*, 892 A.2d 802, 808 (Pa. 2006) (Opinion Announcing the Judgment of the Court) (suppression of evidence is not appropriate remedy for every violation of Pennsylvania Rules of Criminal Procedure concerning searches and seizures, and suppression may be necessary only when violations assume constitutional dimensions or substantially prejudice accused); *see also Commonwealth v. Wholaver*, 989 A.2d 883, 898 (Pa. 2010), *cert. denied*, 131 S.Ct. 332 (2010) (citing *Commonwealth v. Mason*, 490 A.2d 421 (Pa. 1985) (drastic remedy of automatic exclusion for technical violation of rules unwarranted). I would vacate the grant of suppression and remand the case for trial.

Accordingly, I respectfully dissent.