RULE 431.  PROCEDURE WHEN DEFENDANT ARRESTED WITH WARRANT.

(A)  When a warrant is issued pursuant to Rule 430 in a summary case, the warrant shall be executed by a police officer as defined in Rule 103.

(1)  If the warrant is executed between the hours of 6 a.m. and 10 p.m., the police officer shall proceed as provided in paragraphs (B) or (C).

(2)  If the warrant is executed outside the hours of 6 a.m. and 10 p.m., unless the time period is extended by the president judge by local rule enacted pursuant to Rule 105, the police officer shall call the proper issuing authority to determine when the issuing authority will be available pursuant to Rule 117.

(B)  Arrest Warrants Initiating Proceedings

(1)  When an arrest warrant is executed, the police officer shall either:

(a)  accept from the defendant a signed guilty plea and the full amount of the fine and costs if stated on the warrant;

(b)  accept from the defendant a signed not guilty plea and the full amount of collateral if stated on the warrant; or

(c)  if the defendant is unable to pay, cause the defendant to be taken without unnecessary delay before the proper issuing authority.

(2)  When the police officer accepts fine and costs, or collateral under paragraphs (B)(1)(a) or (b), the officer shall issue a receipt to the defendant setting forth the amount of fine and costs, or collateral received and return a copy of the receipt, signed by the defendant and the police officer, to the proper issuing authority.

(3)  When the defendant is taken before the issuing authority under paragraph (B)(1)(c),

(a)  the defendant shall enter a plea; and

(b)  if the defendant pleads guilty, the issuing authority shall impose sentence.  If the defendant pleads not guilty, the defendant shall be given an immediate trial unless:

(i)     the Commonwealth is not ready to proceed, or the defendant requests a postponement or is not capable of proceeding, and in any of these circumstances, **[the defendant shall be given the opportunity to deposit collateral for**

1

**appearance on the new date and hour fixed for trial] the issuing authority shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear, in which case, the issuing authority may fix the amount of collateral to be deposited to ensure the defendant's appearance on the new date and hour fixed for trial**; or

(ii) the defendant's criminal record must be ascertained prior to trial as specifically required by statute for purposes of grading the offense charged, in which event **[the defendant shall be given the opportunity to deposit collateral for appearance on the new date and hour fixed for trial] the issuing authority shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear, in which case, the issuing authority may fix the amount of collateral to be deposited to ensure the defendant's appearance on the new date and hour fixed for trial,** which shall be after the issuing authority's receipt of the required information.

(iii) **In determining whether it is necessary to set collateral and what amount of collateral should be set, the issuing authority shall consider the factors listed in Rule 523. The amount of collateral shall not exceed the full amount of the fine and costs.**

(iv) **If collateral has been set, the issuing authority shall state in writing the reason(s) why any collateral other than release on recognizance has been set and the facts that support a determination that the defendant has the ability to pay monetary collateral.**

(v) **If collateral is set and the defendant does not post collateral, the defendant shall not be detained without a trial longer than 72 hours or the close of the next business day if the 72 hours expires on a non-business day.**

(c) If the defendant is under 18 years of age and cannot be given an immediate trial, the issuing authority promptly shall notify the defendant and defendant's parents, guardian, or other custodian of the date set for

2

the summary trial, and shall release the defendant on his or her own recognizance.

(C)  Bench Warrants

(1)  When a bench warrant is executed, the police officer shall either:

(a)  accept from the defendant a signed guilty plea and the full amount of the fine and costs if stated on the warrant;

(b)  accept from the defendant a signed not guilty plea and the full amount of collateral if stated on the warrant;

(c)  accept from the defendant the amount of restitution, fine, and costs due as specified in the warrant if the warrant is for collection of restitution, fine, and costs after a guilty plea or conviction; or

(d)  if the defendant is unable to pay, promptly take the defendant for a hearing on the bench warrant as provided in paragraph (C)(3).

(2)  When the defendant pays the restitution, fine, and costs, or collateral pursuant to paragraph (C)(1), the police officer shall issue a receipt to the defendant setting forth the amount of restitution, fine, and costs received and return a copy of the receipt, signed by the defendant and the police officer, to the proper issuing authority.

(3)  When the defendant does not pay the restitution, fine, and costs, or collateral, the defendant promptly shall be taken before the proper issuing authority when available pursuant to Rule 117 for a bench warrant hearing.  The bench warrant hearing may be conducted using two-way simultaneous audio-visual communication.

COMMENT:  For the procedure in court cases following arrest with a warrant initiating proceedings, see Rules 516, 517, and 518.  *See also* the *Comment* to Rule 706 (Fines or Costs) that recognizes the authority of a common pleas court judge to issue a bench warrant for the collection of fines and costs and provides for the execution of the bench warrant as provided in either paragraphs (C)(1)(c) or (C)(1)(d) and (C)(2) of this rule.

Section 8953 of the Judicial Code, 42 Pa.C.S. § 8953, provides for the execution of warrants of arrest beyond the

territorial limits of the police officer's primary jurisdiction. *See also Commonwealth v. Mason*, **[507 Pa. 396,]** 490 A.2d 421 (<u>**Pa.**</u> 1985).

Nothing in paragraph (A) is intended to preclude the issuing authority when issuing a warrant pursuant to Rule 430 from authorizing in writing on the warrant that the police officer may execute the warrant at any time and bring the defendant before that issuing authority for a hearing under these rules.

For what constitutes a "proper" issuing authority, see Rule 130.

Delay of trial under paragraph (B)(3)(b)(ii) is required by statutes such as 18 Pa.C.S. § 3929 (pretrial fingerprinting and record-ascertainment requirements).

Although the defendant's trial may be delayed under this rule, the requirement that an arrested defendant be taken without unnecessary delay before the proper issuing authority remains unaffected.

When the police must detain a defendant pursuant to this rule, **[61 P.S. § 798]** <u>**61 P.S. § 1154**</u> provides that the defendant may be housed for a period not to exceed 48 hours in "the borough and township lockups and **[city or county prisons]** <u>**county correctional institutions**</u>."

In cases in which a defendant who is under 18 years of age has failed to "comply with a lawful sentence" imposed by the issuing authority, the Juvenile Act requires the issuing authority to certify notice of the failure to comply to the court of common pleas.  *See* the definition of "delinquent act," paragraph (2)(iv), in 42 Pa.C.S. § 6302.  Following the certification, the case is to proceed pursuant to the Rules of Juvenile Court Procedure and the Juvenile Act instead of these rules.

If the defendant is 18 years of age or older when the default in payment occurs, the issuing authority must proceed under these rules.

For the procedures required before a bench warrant may issue for a defendant's failure to pay restitution, a fine, or costs, see Rule 430(B)(4).  When contempt proceedings are

4

also involved, see Chapter 1 Part D for the issuance of arrest warrants.

For the procedures when a bench warrant is issued in court cases, see Rule 150.

Concerning an issuing authority's availability, see Rule 117 (Coverage: Issuing Warrants; Preliminary Arraignments and Summary Trials; and Setting and Accepting Bail). Pursuant to Rule 117(B), when establishing the system of coverage best suited for the judicial district, the president judge may require defendants arrested on summary case bench warrants after hours to be taken to the established night court where the defendant would be given a notice to appear in the proper issuing authority's office the next business day or be permitted to pay the full amount of fines and costs.

Concerning the **[defendant's right to counsel and] appearance or** waiver of counsel, see Rules 121 and 122.

For the procedures in summary cases within the jurisdiction of **the** Philadelphia Municipal Court and the Philadelphia Municipal Court Traffic Division, see Chapter 10**.**


NOTE:  Rule 76 adopted July 12, 1985, effective January 1, 1986; *Comment* revised September 23, 1985, effective January 1, 1986; January 1, 1986 effective dates extended to July 1, 1986;  *Comment* revised January 31, 1991, effective July 1, 1991; amended August 9, 1994, effective January 1, 1995; amended October 1, 1997, effective October 1, 1998; amended July 2, 1999, effective August 1, 1999; renumbered Rule 431 and amended March 1, 2000, effective April 1, 2001; amended August 7, 2003, effective July 1, 2004; *Comment* revised April 1, 2005, effective October 1, 2005; amended June 30, 2005, effective August 1, 2006; *Comment* revised March 9, 2006, effective August 1, 2006; *Comment* revised May 7, 2014, effective immediately **[.]** **; amended April 10, 2015, effective July 10, 2015.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the January 31, 1991 revision published at 20 <u>Pa.B.</u> 4788 (September 15, 1990); <u>Supplemental</u> <u>Report</u> published at 21 <u>Pa.B.</u> 621 (February 16, 1991).*

*<u>Final</u> <u>Report</u> explaining the August 9, 1994 amendments published with the Court's Order at 24 <u>Pa.B.</u> 4342 (August 27, 1994).*

*<u>Final</u> <u>Report</u> explaining the October 1, 1997 amendments published with the Court's Order at 27 <u>Pa.B.</u> 5414 (October 18, 1997).*

*<u>Final</u> <u>Report</u> explaining the July 2, 1999 amendments to paragraphs (B)(3) and (C) concerning restitution published with the Court's Order at 29 <u>Pa.B.</u> 3718 (July 17, 1999).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the August 7, 2003 changes to paragraph (D) and <u>Comment</u> concerning defendants under the age of 18 published with the Court's Order at 33 <u>Pa.B.</u> 4293 (August 30, 2003).*

*<u>Final</u> <u>Report</u> explaining the April 1, 2005 <u>Comment</u> revision concerning application of the Juvenile Court Procedural Rules published with the Court's Order at 35 <u>Pa.B.</u> 2213 (April 16, 2005).*

*<u>Final</u> <u>Report</u> explaining the June 30, 2005 changes distinguishing between procedures for warrants that initiate proceedings and bench warrants procedures in summary cases published with the Court's Order at 35 <u>Pa.B.</u> 3911 (July 16, 2005).*

*<u>Final</u> <u>Report</u> explaining the March 9, 2006 <u>Comment</u> revision adding the cross-reference to Rule 706 published with the Court's Order at 36 <u>Pa.B.</u> 1396 (March 25, 2006).*

*<u>Final</u> <u>Report</u> explaining the May 7, 2014 <u>Comment</u> revision changing the cross-reference to the Philadelphia Traffic Court to the Traffic*

*Division of the Philadelphia Municipal Court published with the Court's Order at 44 <u>Pa.B.</u> 3067 (May 24, 2014).*

*<u>Final Report explaining the April 10, 2015 amendment concerning the setting of collateral pending summary trial published with the Court's Order at 45 Pa.B.         (          , 2015).</u>*

RULE 441.  PROCEDURE FOLLOWING ARREST WITHOUT WARRANT.

(A)  When a defendant has been arrested without a warrant, the defendant shall be either released from custody pursuant to paragraph (B) or taken before the proper issuing authority under paragraph (C).

(B)  When a defendant has been arrested without a warrant, the arresting officer shall promptly release the defendant from custody when the following conditions have been met:

> (1)  the defendant poses no threat of immediate physical harm to any other person or to himself or herself; and

> (2)  the arresting officer has reasonable grounds to believe that the defendant will appear as required.

A citation shall be issued to the defendant at the time of release and thereafter the case shall proceed in accordance with Rules 405-409 as if the proceedings had been instituted by issuing a citation to the defendant.

(C)  When the defendant has not been released from custody under paragraph (B),

> (1)  the defendant shall be taken without unnecessary delay before the issuing authority when available pursuant to Rule 117 where a citation shall be filed against the defendant, and

>> (a)  the defendant shall enter a plea.

>> (b)  If the defendant pleads guilty, the issuing authority shall impose sentence.  If the defendant pleads not guilty, the defendant shall be given an immediate trial unless:

>>> (i) the Commonwealth is not ready to proceed, or the defendant requests a postponement or is not capable of proceeding, and in any of these circumstances, **[the defendant shall be given the opportunity to deposit collateral for appearance on the new date and hour fixed for trial]** <u>the issuing authority shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear, in which case, the issuing authority may fix the amount of collateral to be deposited to ensure the defendant's appearance on the new date and hour fixed for trial</u>; or

8

(ii)  the defendant's criminal record must be ascertained before trial as specifically required by statute for purposes of grading the offense charged, in which event **[the defendant shall be given the opportunity to deposit collateral for appearance on the new date and hour fixed for trial]** <u>the issuing authority shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear, in which case, the issuing authority may fix the amount of collateral to be deposited to ensure the defendant's appearance on the new date and hour fixed for trial,</u> which shall be after the issuing authority's receipt of the required information.

**(iii) In determining whether it is necessary to set collateral and what amount of collateral should be set, the issuing authority shall consider the factors listed in Rule 523.  The amount of collateral shall not exceed the full amount of the fine and costs.**

**(iv) If collateral has been set, the issuing authority shall state in writing the reason(s) why any collateral other than release on recognizance has been set and the facts that support a determination that the defendant has the ability to pay monetary collateral.**

**(v) If collateral is set and the defendant does not post collateral, the defendant shall not be detained without a trial longer than 72 hours or the close of the next business day if the 72 hours expires on a non-business day.**

(2)  If the defendant is under 18 years of age and cannot be given an immediate trial, the issuing authority promptly shall notify the defendant and defendant's parents, guardian, or other custodian of the date set for the summary trial, and shall release the defendant on his or her own recognizance.

COMMENT:  This rule was amended in 2005 to require the arresting police officer to promptly arrange for the defendant's release if the two criteria set forth in paragraph (B) are met.

"Reasonable grounds" as used in paragraph (B)(2) would include such things as concerns about the validity of the

9

defendant's address, the defendant's prior contacts with the criminal justice system, and the police officer's personal knowledge of the defendant.

Delay of trial under paragraph (C)(1)(b)(ii) is required by statutes such as 18 Pa.C.S. § 3929 (pretrial fingerprinting and record-ascertainment requirements).  Although the defendant's trial may be delayed under this paragraph, the requirement that the defendant be taken without unnecessary delay before the proper issuing authority remains unaffected.  *See also* Rules 408, 413, and 423.

On the **[defendant's right to counsel and]** <u>appearance or</u> waiver of counsel, see Rules 121 and 122.

With regard to the "proper" issuing authority as used in these rules, see Rule 130.

For the procedure in court cases initiated by arrest without warrant, see Rule **[518]** <u>519</u>.

For the procedures in summary cases within the jurisdiction of <u>**the**</u> Philadelphia Municipal Court and the Philadelphia Municipal Court Traffic Division, see Chapter 10.

Concerning an issuing authority's availability, see Rule 117 (Coverage: Issuing Warrants; Preliminary Arraignments and Summary Trials; and Setting and Accepting Bail).

When the police must detain a defendant pursuant to this rule, **[61 P.S. § 798]** <u>**61 P.S. § 1154**</u> provides that the defendant may be housed for a period not to exceed 48 hours in "the borough and township lockups and **[city or county prisons]** <u>**county correctional institutions**</u>."


NOTE:  Rule 71 adopted July 12, 1985, effective January 1, 1986; *Comment* revised September 23, 1985, effective January 1, 1986; January 1, 1986 effective dates extended to July 1, 1986; amended August 9, 1994, effective January 1, 1995; amended May 14, 1999, effective July 1, 1999; renumbered Rule 441 and amended March 1, 2000, effective April 1, 2001; amended August 7, 2003, effective July 1, 2004; amended June 30, 2005, effective August 1,

2006; *Comment* revised May 7, 2014, effective immediately **[.]** **; amended April 10, 2015, effective July 10, 2015.**


\*          \*          \*          \*          \*          \*


*COMMITTEE EXPLANATORY* *REPORTS:*

*Report* *explaining the August 9, 1994 amendments published at 22* *Pa.B.* *6 (January 4, 1992);* *Final* *Report* *published with the Court's Order at 24* *Pa.B.* *4342 (August 27, 1994).*

*Final* *Report* *explaining the May 14, 1999 amendments to paragraph (C)(1) and the* *Comment* *published with the Court's Order at 29* *Pa.B.* *2775 (May 29, 1999).*

*Final* *Report* *explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30* *Pa.B.* *1478 (March 18, 2000).*

*Final* *Report* *explaining the August 7, 2003 changes to the* *Comment* *concerning defendants under the age of 18 published with the Court's Order at 33* *Pa.B.* *4293 (August 30, 2003).*

*Final* *Report* *explaining the June 30, 2005 changes concerning release of defendant following arrest and procedures when defendant is not released published with the Court's Order at 35* *Pa.B.* *3901 (July 16, 2005).*

*Final* *Report* *explaining the May 7, 2014* *Comment* *revision changing the cross-reference to the Philadelphia Traffic Court to the Traffic Division of the Philadelphia Municipal Court published with the Court's Order at 44* *Pa.B.* *3067 (May 24, 2014).*

*Final Report explaining the April 10, 2015  amendment concerning the setting of collateral pending summary trial published with the Court's Order at 45 Pa.B.        (        , 2015).*

11

RULE 452.  COLLATERAL

(A)  **The issuing authority shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear.**

**(B)  If the issuing authority has reasonable grounds to believe that the defendant will not appear, [T]t**he issuing authority **[shall] may** fix the amount of collateral **[, if any,]** to be deposited to **[insure] ensure** a defendant's appearance at the summary trial, which amount shall not exceed the full amount of the fine and costs.

**(C)  In determining whether it is necessary to set collateral and what amount of collateral should be set, the issuing authority shall consider the factors listed in Rule 523.**

**(D)  If collateral is set, the issuing authority shall state in writing the reason(s) why any collateral other than release on recognizance has been set and the facts that support a determination that the defendant has the ability to pay monetary collateral.**

**(E)  To be released on recognizance or to request a lower amount of collateral, the defendant must appear personally before the issuing authority to enter a plea, as provided in Rules 408, 413, and 423.**

**[(B)] (F)**  The collateral deposited shall be in United States currency or a cash equivalent.

**[(C)] (G)**  The collateral deposited may be forfeited after conviction at the summary trial and applied to payment of the fine and costs.

> COMMENT: The term "collateral" is intended to convey the dual purpose of the amount of money that is deposited. First, the amount deposited is used as bail to secure the defendant's appearance at the summary trial.  Second, the amount deposited is used as security, and may be forfeited in the event of a conviction to satisfy any fine and costs.
>
> A defendant may not be penalized or denied a hearing because he or she cannot pay the full amount of the fine and costs as collateral.
>
> **[Although this rule permits an issuing authority to fix collateral in an amount up to the full amount of fine and**

12

costs the issuing authority is not required to fix collateral or any particular amount of collateral, and may set an amount less than the fine and costs.  The issuing authority may also release the defendant on recognizance when the issuing authority has reasonable grounds to believe that the defendant will appear or the defendant is without adequate resources to deposit collateral.  To request a lower amount of collateral or to be released on recognizance, the defendant must appear personally before the issuing authority to enter a plea, as provided in Rules 408, 413, and 423.]

For the purpose of paragraph **[(B)]** **(F)**, any guaranteed arrest bond certificate issued by an automobile club or association pursuant to 40 P.S. § 837 (1959) would constitute a "cash equivalent."

NOTE:  Rule 81 adopted July 12, 1985, effective January 1, 1986; effective date extended to July 1, 1986; *Comment* revised February 1, 1989, effective July 1, 1989; *Comment* revised May 14, 1999, effective July 1, 1999; renumbered Rule 452 and *Comment* revised March 1, 2000, effective April 1, 2001 **[.]** **; amended April 10, 2015, effective July 10, 2015.**

\*     \*     \*     \*     \*     \*     \*

***COMMITTEE EXPLANATORY REPORTS:***

*Final **Report** explaining the May 14, 1999 **Comment** revisions published with the Court's Order at 29 **Pa.B.** 2775 (May 29, 1999).*

*Final **Report** explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 **Pa.B**. 1478 (March 18, 2000).*

**Final Report explaining the April 10, 2015 amendment concerning the setting of collateral published with the Court's Order at 45 Pa.B.     ( , 2015).**

RULE 456.  DEFAULT PROCEDURES:  RESTITUTION, FINES, AND COSTS.

(A)  When a defendant advises the issuing authority that a default on a single remittance or installment payment of restitution, fines, or costs is imminent, the issuing authority may schedule a hearing on the defendant's ability to pay.  If a new payment schedule is ordered, the order shall state the date on which each payment is due, and the defendant shall be given a copy of the order.

(B)  If a defendant defaults on the payment of fines and costs, or restitution, as ordered, the issuing authority shall notify the defendant in person or by first class mail that, unless within 10 days of the date on the default notice, the defendant pays the amount due as ordered, or appears before the issuing authority to explain why the defendant should not be imprisoned for nonpayment as provided by law, a warrant for the defendant's arrest may be issued.

(C)  If the defendant appears pursuant to the 10-day notice in paragraph (B) or following an arrest for failing to respond to the 10-day notice in paragraph (B), the issuing authority shall conduct a hearing **immediately** to determine whether the defendant is financially able to pay as ordered.

> **(1)  If the hearing cannot be held immediately, the issuing authority shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear, in which case, the issuing authority may set collateral as provided in Rule 523.**
>
> **(2) If collateral is set, the issuing authority shall state in writing the reason(s) why any collateral other than release on recognizance has been set and the facts that support a determination that the defendant has the ability to pay monetary collateral.**
>
> **(3)  If collateral is set and the defendant does not post collateral, the defendant shall not be detained without a hearing longer than 72 hours or the close of the next business day if the 72 hours expires on a non-business day.**

**(D) When a defendant appears pursuant to the notice in paragraph (B) or pursuant to an arrest warrant issued for failure to respond to the notice as provided in paragraph (C):**

> (1)  **[U]u**pon a determination that the defendant is financially able to pay as ordered, the issuing authority may impose any sanction provided by law.

14

(2)  Upon a determination that the defendant is financially unable to pay as ordered, the issuing authority may order a schedule or reschedule for installment payments, or alter or amend the order as otherwise provided by law.

(3)  At the conclusion of the hearing, the issuing authority shall:

(a)  if the issuing authority has ordered a schedule of installment payments or a new schedule of installment payments, state the date on which each installment payment is due;

(b)  advise the defendant of the right to appeal within 30 days for a hearing *de novo* in the court of common pleas, and that if an appeal is filed:

(i)  the execution of the order will be stayed and the issuing authority may set bail or collateral; and

(ii)  the defendant must appear for the hearing *de novo* in the court of common pleas or the appeal may be dismissed;

(c)  if a sentence of imprisonment has been imposed, direct the defendant to appear for the execution of sentence on a date certain unless the defendant files a notice of appeal within the 30-day period; and

(d)  issue a written order imposing sentence, signed by the issuing authority.  The order shall include the information specified in paragraphs **[(C)(3)(a)] (D)(3)(a)** through **[(C)(3)(c)] (D)(3)(c)**, and a copy of the order shall be given to the defendant.

**[(D)] (E)**  A defendant may appeal an issuing authority's determination pursuant to this rule by filing a notice of appeal within 30 days of the issuing authority's order.  The appeal shall proceed as provided in Rules 460, 461, and 462.

COMMENT:  The purpose of this rule is to provide the procedures governing defaults in the payment of restitution, fines, and costs.

Although most of this rule concerns the procedures followed by the issuing authority after a default occurs, paragraph (A) makes it clear that a defendant should be encouraged to seek a modification of the payment order when the defendant knows default is likely, but before it happens.  For fines and costs, see 42 Pa.C.S. § 9730(b)(3).

An issuing authority may at any time alter or amend an order of restitution. *See* 18 Pa.C.S. § 1106(c)(2) and (3).

When a defendant defaults on a payment of restitution, fines, or costs, paragraph (B) requires the issuing authority to notify the defendant of the default, and to provide the defendant with an opportunity to pay the amount due or appear within 10 days to explain why the defendant should not be imprisoned for nonpayment. Notice by first class mail is considered complete upon mailing to the defendant's last known address. *See* Rule 430(B)(4).

Except in cases under the Public School Code of 1949, 24 P.S. § 1-102, *et seq.*, in which the defendant is at least 13 years of age but not yet 17, if the defendant is under 18 years of age, the notice in paragraph (B) must inform the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority will certify notice of the failure to pay to the court of common pleas as required by the Juvenile Act, 42 Pa.C.S. § 6302, definition of "delinquent act," paragraph (2)(iv), and the case will proceed pursuant to the Rules of Juvenile Court Procedure and the Juvenile Act instead of these rules**.**

If the defendant is charged with a violation of the compulsory attendance requirements of the Public School Act of 1949, 24 P.S. § 1-102, *et seq.;* has attained the age of 13 but is not yet 17; and has failed to pay the fine, the issuing authority must issue the notice required by paragraph (B)(4) to the defendant and the defendant's parents, guardian, or other custodian informing the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority may allege the defendant dependent under 42 Pa.C.S. § 6303(a)(1). Pursuant to 24 P.S. § 13-1333(b)(2), the defendant's failure to pay is not a delinquent act and the issuing authority would not certify notice of the failure to pay to the common pleas court.

If the defendant is 18 years or older when the default in payment occurs, the issuing authority must proceed under these rules.

Pursuant to paragraph (C), the issuing authority must conduct a default hearing when a defendant responds to the 10-day notice as provided in paragraph (B), or when the defendant is arrested for failing to respond to the 10-day notice.  If the default hearing cannot be held immediately, the issuing authority may set **[bail]** <u>collateral</u> as provided in **[Chapter 5 Part C]** <u>Rule 523</u>. **<u>However, the issuing authority should only set monetary collateral when he or she has determined that less restrictive conditions of release will not be effective in ensuring the defendant's appearance.</u>**

Under paragraph **[(C)(1)]** <u>(D)(1)</u>, when the issuing authority determines that a defendant is able to pay as ordered, the issuing authority may, as provided by law, impose imprisonment or other sanctions.  In addition, delinquent restitution, fines, or court costs may be turned over to a private collection agency.  *See* 42 Pa.C.S. §§ 9730(b)(2) and 9730.1(a).

When a defendant is in default of an installment payment, the issuing authority on his or her own motion or at the request of the defendant or the attorney for the Commonwealth must schedule a rehearing to determine the cause of the default.  Before an issuing authority may impose a sentence of imprisonment as provided by law for nonpayment of restitution, fines, or costs, a hearing or rehearing must be held whenever a defendant alleges that his or her ability to pay has been diminished.  *See* 42 Pa.C.S. § 9730(b). **<u>No defendant may be sentenced to imprisonment or probation if the right to counsel was not afforded at trial.</u> <u>*See Alabama v. Shelton*</u><u>, 535 U.S. 654 (2002) and</u> <u>*Scott v. Illinois*</u><u>, 440 U.S. 367 (1979).  *See also Commonwealth v. Farmer,* 466 A.2d 677 (Pa. Super. 1983) (Whenever there is a likelihood in a proceeding that imprisonment will be imposed, counsel must be assigned) and (*Commonwealth v. Spontarelli*, 791 A.2d 1254 (Pa. Cmmw. 2002) (defendant is entitled to appointed counsel when tried for violation of municipal ordinance that permits imprisonment upon default of payment of the fine).</u>** *See also* Rules 121 and 122 (dealing with **[the right to]** <u>appearance or waiver of</u> counsel).

When a rehearing is held on a payment schedule for fines or costs, the issuing authority may extend or accelerate the payment schedule, leave it unaltered, or sentence the defendant to a period of community service, as the issuing authority finds to be just and practicable under the circumstances. *See* 42 Pa.C.S. § 9730(b)(3).

This rule contemplates that when there has been an appeal pursuant to paragraph **[(D)](E)**, the case would return to the issuing authority who presided at the default hearing for completion of the collection process.

Nothing in this rule is intended to preclude an issuing authority from imposing punishment for indirect criminal contempt when a defendant fails to pay fines and costs in accordance with an installment payment order, 42 Pa.C.S. §§ 4137(a)(4), 4138(a)(3), and 4139(a)(3), or fails to pay restitution, 42 Pa.C.S. § 4137(a)(3). Separate Rules of Criminal Procedure govern contempt adjudications. *See* Chapter 1 Part D.


NOTE: Adopted July 12, 1985, effective January 1, 1986; amended September 23, 1985, effective January 1, 1986; January 1, 1986 effective dates extended to July 1, 1986; *Comment* revised February 1, 1989, effective July 1, 1989; rescinded October 1, 1997, effective October 1, 1998. New Rule 85 adopted October 1, 1997, effective October 1, 1998; amended July 2, 1999, effective August 1, 1999; renumbered Rule 456 and amended March 1, 2000, effective April 1, 2001; *Comment* revised August 7, 2003, effective July 1, 2004; amended March 3, 2004, effective July 1, 2004; *Comment* revised April 1, 2005, effective October 1, 2005; *Comment* revised September 21, 2012, effective November 1, 2012; *Comment* revised January 17, 2013, effective May 1, 2013**[.] ; amended April 10, 2015, effective July 10, 2015.**

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the new rule published with the Court's Order at 27 <u>Pa.B.</u> 5414 (October 18, 1997).*

*<u>Final</u> <u>Report</u> explaining the July 2, 1999 amendments to paragraph (C) published with the Court's Order at 29 <u>Pa.B.</u> 3718 (July 17, 1999).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the August 7, 2003 changes to the <u>Comment</u> concerning failure to pay and juveniles published with the Court's Order at 33 <u>Pa.B.</u> 4293 (August 30, 2003).*

*<u>Final</u> <u>Report</u> explaining the March 3, 2004 amendment to paragraph (B) published with the Court's Order at 34 <u>Pa.B.</u> 1561 (March 20, 2004).*

*<u>Final</u> <u>Report</u> explaining the April 1, 2005 <u>Comment</u> revision concerning application of the Juvenile Court Procedural Rules published with the Court's Order at 35 <u>Pa.B.</u> 2213 (April 16, 2005).*

*<u>Final</u> <u>Report</u> explaining the September 21, 2012 <u>Comment</u> revision correcting the typographical error in the fourth paragraph published with the Court's Order at 42 <u>Pa.B.</u> 6247 (October 6, 2012).*

*<u>Final</u> <u>Report</u> explaining the January 17, 2013 revisions of the <u>Comment</u> concerning the Public School Code of 1949 published with the Court's Order at 43 <u>Pa.B.</u> 654 (February 2, 2013).*

*<u>Final Report explaining the April 10, 2015 amendments concerning the setting of collateral published with the Court's Order at 45 Pa.B. (          , 2015).</u>*

19

RULE 461.  STAYS.

(A)  In all summary cases in which a sentence of imprisonment has been imposed, execution of sentence shall be stayed until the time for appeal expires.

(B)  In any summary case in which a notice of appeal is filed, the execution of sentence shall be stayed.

(C)  A defendant who is represented by counsel, or a defendant who has waived counsel as provided in Rule 121, may waive the stay.  The waiver must be in writing, signed by the defendant and defendant's counsel, if any, and made a part of the record.

(D)  Whenever the execution of sentence is stayed pursuant to this rule, the issuing authority **[may set collateral.] shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear, in which case, the issuing authority may set collateral as provided in Rule 523.**

> **(1) In determining whether it is necessary to set collateral and what amount of collateral should be set, the issuing authority shall consider the factors listed in Rule 523 and the length of sentence in relation to the length of the stay.**
>
> **(2) The issuing authority shall state in writing the reason(s) why any collateral other than release on recognizance has been set and the facts that support a determination that the defendant has the ability to pay monetary collateral.**
>
> **(3) If the defendant is incarcerated during the period of a stay for failure to post collateral, in no event shall the defendant be incarcerated for a period greater than the period of imprisonment awarded in the original sentence.**

(E)  During the 30-day appeal period, failure to pay fine**[s]** and costs, or restitution, shall not be grounds for imprisonment, and shall not be grounds to preclude the taking of an appeal.

> COMMENT:  This rule is derived from former Rule 86(B) and (C).
>
> The stay of the sentence of imprisonment in summary cases recognizes the limited length of the terms of imprisonment. However, there may be situations when the defendant would want the sentence to begin to run immediately following the conviction, and forego the benefits of the stay.  To accommodate these extraordinary cases, this rule was amended in 2003 to permit a defendant who is represented by counsel, or who has waived counsel, to waive the stay of

20

the execution of sentence.  The waiver of the stay in no way is to be construed as a waiver of the right to appeal.

When a defendant has waived the stay of execution of sentence under this rule, the issuing authority has discretion to determine the date to set for the beginning of the sentence of imprisonment.

Under paragraph (B), the stay applies to all "sentences" imposed after conviction, including sentences of imprisonment, fines and costs, or restitution, and sentences of imprisonment for defaults in payment pursuant to Rule 456.

**Paragraph (D) permits an issuing authority to require the defendant to post collateral during the stay pending appeal.  However, given the potentially short sentences in such cases, imprisoning a defendant during the stay period for failure to post collateral is contrary to the intent of the stay provision of this rule.**

NOTE:  Formerly Rule 86(B) and (C), adopted October 1, 1997, effective October 1, 1998; rescinded March 1, 2000, effective April 1, 2001, and paragraphs (B) and (C) replaced by Rule 461.  New Rule 461 adopted March 1, 2000, effective April 1, 2001; amended February 28, 2003, effective July 1, 2003**[.]** **; amended April 10, 2015, effective July 10, 2015.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

FORMER RULE 86(B) AND (C):

*<u>Final</u> <u>Report</u> explaining the October 1, 1997 addition of paragraphs (B) and (C) to Rule 86 published with the Court's Order at 27 <u>Pa.B.</u> 5408 (October 18, 1997).*

NEW RULE 461:

*Final Report* explaining the reorganization and renumbering of the rules and the provisions of Rule 461 published at 30 *Pa.B.* 1478 (March 18, 2000).

*Final Report* explaining the February 28, 2003 amendment concerning the addition of paragraph (C) published with the Court's Order at 33 *Pa.B.* 1324 (March 15, 2003).

*Final Report explaining the April 10, 2015 amendment concerning the setting of collateral published with the Court's Order at 45 Pa.B.       (       , 2015).*

RULE 1033.  PROCEDURES WHEN DEFENDANT ARRESTED WITH WARRANT.

(A)  When a defendant is arrested pursuant to a warrant issued as provided in Rule 430, the police officer without unnecessary delay shall take the defendant before the proper issuing authority and shall proceed as provided in this rule and by local rule.

(B)  When the defendant appears in person or appears by means of two-way simultaneous audio-video equipment, the judge or arraignment court magistrate shall:

(1)  inform the defendant concerning the specific citations to which the defendant has not entered a plea as required by Rules 407 and 412;

(2)  inform the defendant concerning the specific citations that have been adjudicated that have outstanding fines or costs for which the defendant is in default of a payment order or a payment plan; and

(3)  advise the defendant of the right to retain counsel, and if, in the event of a conviction, there is a reasonable likelihood of a sentence of imprisonment and the defendant does not have the financial ability to retain counsel, advise the defendant that counsel will be appointed by Traffic Division as provided in Rule 1035.

(C)  When the defendant appears before an arraignment court magistrate, the arraignment court magistrate shall schedule the next court proceeding before the Traffic Division and give the defendant a hearing notice or subpoena, set collateral as provided in Rule 1034 and local rule, and release the defendant, or if the defendant is unable to post the collateral, commit the defendant.

(D)  When the defendant appears before a Traffic Division judge or hearing officer,

(1)  if the matter is not ready to proceed, the Traffic Division judge or hearing officer shall schedule the next court proceeding and give the defendant a scheduling order, **[set collateral as provided in Rule 1034 and local rule, and release the defendant,]** **and shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear, in which case, the issuing authority may fix the amount of collateral, as provided in Rules 452,  1034, and local rule, to be deposited to ensure the defendant's appearance on the new date and hour fixed for trial, and [or]** if the defendant **[is unable to] does not** post the collateral, commit the defendant.

(a)  **In determining whether it is necessary to set collateral and what amount of collateral should be set, the Traffic Division judge or hearing officer shall consider the factors listed in Rule 523.  The**

23

**amount of collateral shall not exceed the full amount of the fine and costs.**

**(b)     If collateral has been set, the Traffic Division judge or hearing officer shall state in writing the reason(s) why any collateral other than release on recognizance has been set and the facts that support a determination that the defendant has the ability to pay monetary collateral.**

**(c)     If collateral is set and the defendant does not post collateral, the defendant shall not be detained without a trial longer than 72 hours or the close of the next business day if the 72 hours expires on a non-business day.**

(2)  If the matter is ready to proceed,

(a)  when the defendant is arrested pursuant to a warrant issued as provided in Rule 430(A) or (B)(1)(a) or (B)(2), the defendant shall enter a plea.  If the defendant pleads guilty, the Traffic Division judge or hearing officer shall impose sentence.  If the defendant pleads not guilty, the summary trial shall be conducted.

(b)  When the defendant is arrested following a trial *in absentia* pursuant to a warrant issued as provided in Rule 430(B)(3)(c) and (B)(4),

(i)  the Traffic Division judge or hearing officer shall conduct an immediate hearing to determine defendant's financial ability to pay the full amount due.

(ii)  If the Traffic Division judge or hearing officer determines the defendant is financially unable to pay the full amount due, the judge may order an installment payment plan as provided in Rule 456(C)(2).

(iii)  If the judge or hearing officer determines the defendant is financially able to pay the full amount due, and that there is a likelihood that imprisonment will be imposed at the conclusion of the hearing, the judge or hearing officer shall advise the defendant of the right to retain counsel, and, if the defendant does not have the financial ability to retain counsel, advise the defendant that counsel will be appointed by Traffic Division as provided in Rule 1035.  A hearing may be held if retained or appointed counsel is available; otherwise, the hearing shall be rescheduled for a date

certain, and the defendant shall be released on collateral as provided in Rule 1034.

(iv)  At the conclusion of the hearing, the Traffic Division judge or hearing officer shall proceed as provided in Rule 456(C)(3).

(c)  When the defendant is arrested after defaulting on the payment of fine or costs or restitution pursuant to a warrant issued as provided in Rule 430(B)(3)(b) and (B)(4),

(i)  the Traffic Division judge or hearing officer shall conduct an immediate hearing to determine whether the defendant is financially able to pay the outstanding fine and costs as previously ordered.

(ii)  If the judge or hearing officer determines the defendant is financially unable to pay as previously ordered, the judge may issue a revised payment order or payment plan.

(iii)  If the judge or hearing officer determines the defendant is financially able to pay as previously ordered, and that there is a likelihood that imprisonment will be imposed at the conclusion of the hearing, the judge shall advise the defendant of the right to retain counsel, and if, the defendant does not have the financial ability to retain counsel, advise the defendant that counsel will be appointed by Traffic Division as provided in Rule 1035.  A hearing may be held if retained or appointed counsel is available; otherwise, the hearing shall be rescheduled for a date certain, and the defendant shall be released on collateral as provided in Rule 1034.

(iv)  At the conclusion of the hearing, the Traffic Division judge or hearing officer shall proceed as provided in Rule 456(C)(3).

(d)  When the defendant is arrested on multiple warrants in cases involving both unadjudicated citations and adjudicated citations with outstanding balances, the matter shall proceed as provided in paragraph (D)(2)(a) (summary trial), or paragraphs (D)(2)(b) or (D)(2)(c) (default hearings).  These cases may be joined and the proceeding scheduled before the same Traffic Division judge or hearing officer.


COMMENT:  Pursuant to Philadelphia Municipal Court Local Rule 540 and Traffic Division Local Rule 1033, when a defendant is arrested outside the normal business hours

25

of Traffic Division, the defendant is to be taken without unnecessary delay before a Philadelphia Municipal Court arraignment court magistrate who shall proceed as provided in paragraph (C) and in Traffic Division Local Rule 1033.

"Proper issuing authority" as used in this rule is the Traffic Division judge or arraignment court magistrate assigned to conduct these proceedings as provided in this rule, Municipal Court Local Rule 540, and Traffic Division Local Rule 1033.

For the procedures for contempt proceedings in Traffic Division cases, see Rules 140, 141, and 142.

For the summary appeal procedures, see Rules 460, 461, and 462.

*See* Rule 105 for the procedures for promulgating local rules.

NOTE:  Adopted September 9, 2005, effective February 1, 2006; amended May 7, 2014, effective immediately **[.]** **; amended April 10, 2015, effective July 10, 2015.**

*       *       *       *       *       *

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the provisions of the new rule published with the Court's Order at 35 Pa.B. 5239 (September 24, 2005).*

*Final Report explaining the May 7, 2014 amendments concerning  the transfer of functions from the Philadelphia Traffic Court to the Philadelphia Municipal Court published with the Court's Order at 44 Pa.B. 3067 (May 24, 2014).*

*Final Report explaining the April 10, 2015 amendment concerning the setting of collateral pending summary trial published with the Court's Order at 45 Pa.B.        (        , 2015).*